LOHR RIPAMONTI & SEGARICH LLP
Jason Lohr (CA SBN 262267)
Alec Segarich (CA SBN 260189)
140 Geary Street, 4th Fl.
San Francisco, CA 94108
Ph: (415) 683-7266
Fax: (415) 683-7267
Email: jason.lohr@lrllp.com
Email: alec.segarich@lrllp.com

SCHERER SMITH & KENNY LLP
Denis Kenny (CA SBN 178542)
140 Geary Street, 7th Fl.
San Francisco, CA 94108
Ph: (415) 433-1099
Fax: (415) 433-9434
E-Mail: denis@sfcounsel.com

*Attorneys for Plaintiff and proposed Class Members*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KARL, on behalf of himself, and on behalf of a class of those similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER US, INC., a Delaware corporation; BIOMET U.S. RECONSTRUCTION, LLC, an Indiana limited liability company; BIOMET BIOLOGICS, LLC, an Indiana limited liability company; and BIOMET, INC., an Indiana corporation;<br><br>     Defendants. | CASE NO.: 18-cv-4176-WHA<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>1. **Violation of FLSA**;<br>2. **Failure to Pay Overtime Wages** (Cal. Lab. Code, IWC Wage Order 4-2001);<br>3. **Failure to Provide Meal Periods** (Cal. Lab. Code, IWC Wage Order 4-2001);<br>4. **Failure to Provide Rest Periods** (Cal. Lab. Code, IWC Wage Order 4-2001);<br>5. **Failure to Provide Itemized Wage Statements** (Cal. Lab. Code, IWC Wage Order 4-2001);<br>6. **Failure to Reimburse Business Expenses** (Cal. Lab. Code);<br>7. **Unfair Business Practices** (Cal. Bus. & Prof. Code);<br>8. **California Private Attorney General Act** (Cal. Lab. Code § 2698 *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

-1-

## SUMMARY OF CLAIMS

1. This class, collective, and representative action is brought on behalf of Plaintiff James Karl ("Plaintiff" or "Mr. Karl") and other similarly situated persons who are currently working or have worked for Defendants as sales representatives of medical devices.

2. During the course of Plaintiff's employment, Defendants had in place, and currently has in place, policies which violated the California Labor Code, and California Industrial Wage Commission Wage Order 4-2001 (among other laws) and which aggrieved Plaintiff and other employees. Fundamentally, Defendants misclassified Plaintiffs, and all its sales representatives, as independent contractors.

3. As a result of this misclassification, Mr. Karl and other sales representatives have been and are being denied overtime compensation, meal and rest periods, and had to bear necessary business expenses such as gas, insurance, phone data, travel expenses (airfare, hotels, meals and incidentals), advertising, marketing, continuing education and other charges and expenses in violation of several provisions of the Fair Labor Standards Act, and the California Labor Code and California Industrial Wage Commission Wage Order 4-2001. Furthermore, Mr. Karl and other sales representatives have been denied access to statutorily mandated benefits and social insurance programs accessed via employee status, such as employer-provided health insurance and pensions, sick leave, unemployment insurance, disability insurance, and workers' compensation.

## THE PARTIES

4. Plaintiff James Karl is and has at all relevant times been a resident of the City and County of San Francisco in the State of California, where he has worked, and continues to work, as a sales representative of medical devices for Defendants.

5. Defendant Zimmer Biomet Holdings, Inc. ("Zimmer Biomet") is a publicly traded corporation organized and existing under the laws of the state of Delaware. Its listed headquarters are in the state of Indiana. Zimmer Biomet's primary business is the design, manufacture and sale of medical devices, including orthopedic reconstructive and related surgical products. At all times relevant to this action, Zimmer Biomet conducted business in the

-2-

County of San Francisco and in the State of California. On information and belief, the other named defendants in this action are subsidiaries or affiliates of Zimmer Biomet and engaged in the same or substantially the same business in the medical device field.

6. Defendant Zimmer US, Inc. ("Zimmer US") is a corporation organized and existing under the laws of the state of Delaware. At all times relevant to this action, Defendant Zimmer US, Inc. conducted business in the County of San Francisco and the State of California.

7. Defendant Biomet U.S. Reconstruction, LLC, ("Biomet U.S. Reconstruction") is a limited liability company organized and existing under the laws of the state of Indiana. At all times relevant to this action, Biomet U.S. Reconstruction conducted business in the County of San Francisco and the State of California.

8. Defendant Biomet Biologics, LLC ("Biomet Biologics") is a limited liability company organized and existing under the laws of the state of Indiana. At all times relevant to this action, Defendant Biomet Biologics conducted business in the County of San Francisco and the State of California.

9. Defendant Biomet, Inc. ("Biomet") is a corporation organized and existing under the laws of the state of Indiana. At all times relevant to this action, Biomet conducted business in the County of San Francisco and the State of California.

10. The named defendants are collectively referred to in this complaint as "Defendants." Plaintiff is informed and believes, and upon such information and belief alleges that, at all times and places mentioned herein, Defendants, and each of them, were the agents, ostensible agents, co-conspirators, servants, employees, employer, partners, joint venturers, affiliates, franchisees, subsidiaries, and/or alter egos of each other, and that each of them was at all times and places mentioned herein acting in concert and within the purpose and scope of such conspiracy, service, agency, ostensible agency, employment, partnership, joint venture, affiliation, subsidiary relationship, and/or franchise.

**JURISDICTION AND VENUE**

11. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

-3-

12.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour law claims, because those claims derive from a common nucleus of operative fact.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     The Northern District of California has personal jurisdiction over Defendants and each of them because Defendants are doing business in California, and in this District, and because the employment policies and practices challenged in this action and giving rise to the claims alleged occurred in California and in this District.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

16.     Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco Division is proper because a substantial part of the events that give rise to the claims asserted occurred in San Francisco.

## FACTS COMMON TO EACH CAUSE OF ACTION

17.     Mr. Karl, and all members of the collective, class, and similarly aggrieved Plaintiffs worked as independent sales representatives for Defendants. Mr. Karl's, and all sales representatives' primary duties included the management of accounts and sales relationships of Defendants' customers, which primarily include physicians, other healthcare practitioners, and hospitals who purchase Defendants' medical device products. Defendants' sales representatives promote, market, and service the products Defendants develop and manufacture, within territories specified by Defendants.

18.     At all relevant times, Mr. Karl and other sales representatives sold and provided account management and support for Defendants' products based on identified product lines and geographic territories as determined by Defendants.

19.     Defendants set the price and determine the inventory and attendant availability of the medical devices sold by Mr. Karl and other sales representatives.

20.     Mr. Karl and Defendants' other sales representatives are closely and directly

-4-

supervised by other employees of Defendants, for example, Mr. Karl's direct supervisor, General Manager Don Quigley. These supervisors closely monitor and manage Plaintiff and other sales representatives' schedules, both in terms of determining hours worked and in scheduling personal and other planned time off.

21. Defendants closely track, and require sales representatives to record and report their daily appointments, duties and scheduled activities on specified applications and communications devices, including WhatsApp, Google Calendar, surgery scheduling and inventory management systems, and group texts.

22. Defendants require sales representatives to be on-call, on schedules set by Defendants, during which time they are expected to respond promptly to task requests such as reporting to a hospital for operating room support, delivering surgical products and other similar time-sensitive duties.

23. Sales representatives are compensated exclusively through commissions which are subject to mandatory pooling and distribution amongst Defendants' participating sales teams, the terms and conditions of which are solely controlled and dictated by Defendants. Sales representatives are not paid any base draw or salary and are not paid an hourly or piece rate.

24. The work done by Mr. Karl and Defendants' other sales representatives is the core of Defendants' business; namely, the promotion, marketing, and sale of medical devices, and the management and support of Defendants' accounts.

25. Mr. Karl was required to sign a "Sales Associate Agreement" with Defendants, effective August 10, 2015 which, among other things, includes a non-compete clause that prevented him from competing with Defendants in the sale of medical devices during and after the duration of the agreement. On information and belief, Defendants required all independent sales representatives to execute Sales Associate Agreements substantially similar to the agreement signed by Mr. Karl.

26. Given the ongoing job duties and expectations dictated by Defendants, Mr. Karl and other sales representatives effectively work more than full-time for Defendants exclusively. Therefore, their commission-based compensation from Defendants represents the material

entirety of Mr. Karl's and other sales representatives' incomes.

27. Defendants issued business cards to Mr. Karl and other sales representatives with the name and logo of Defendants, which identify them as sales representatives of Defendants.

28. Defendants provide Mr. Karl and its other sales representatives with company email addresses to use with customer accounts; they are also encouraged or required to use a signature that identifies them as sales representatives of Defendants.

29. Defendants control the substantive content of all advertising and marketing done by Mr. Karl and other sales representatives on behalf of Defendants. Sales representatives who wish to advertise and market Defendants' products must have their proposed materials approved by Defendants.

30. Defendants pay for sales representatives' vendor credentialing to allow them access to Defendants' clients' hospitals and other healthcare facilities. In turn, those credentials identified sales representatives as coming from Defendants, rather than independent businesses.

31. Plaintiff and other sales representatives' job duties do not meet any exempt employee classification. Mr. Karl and other sales representatives spent substantially less than 50% of their total work duties and time, specifically, an estimated 5%-10% of their duties and time, performing actual sales functions. Specifically, their 5%-10% sales duties entail exploring possible sales opportunities with prospective new accounts and obtaining orders for medical devices from established accounts. Once those limited tasks are complete, Plaintiff and other sales representatives' remaining, and in fact primary, duty entails attending surgeries to assist surgeons in implanting Defendants' medical devices, and secondarily meeting with clients to make deliveries, manage inventory, and other account management tasks.

32. Plaintiff and other sales representatives do not receive a fixed rate of pay. Nor do they have any predetermined, guaranteed minimum payment.

33. Mr. Karl and other sales representatives typically work in excess of 8 hours per day and/or 40 hours per workweek, most often in the range of 10 to 12 hours per workday and 50 to 60 hours per workweek. They do not receive overtime premiums for work in excess of 8 hours per day and/or 40 hours per workweek.

-6-

34.     Due to the daily demands of their job requirements, Plaintiff and other sales representatives typically are not provided the opportunity to take an uninterrupted meal period of thirty minutes for every five (5) hours worked.

35.     Due to the daily demands of their job requirements, Plaintiff and other sales representatives typically are not provided the opportunity to take an uninterrupted rest periods of ten minutes for every four (4) hours worked, or major fraction thereof.

36.     Defendants do not provide Plaintiff and other sales representatives with complete and accurate itemized wage statements, nor do they maintain records of all the hours Plaintiff and other sales representatives work.

37.     Defendants require Plaintiff and other sales representatives to attend and pay for meetings, mandatory training sessions and professional education seminars and conferences, about product information, operating room etiquette, and Defendants' compliance program at Plaintiff and other sales representatives' own expense. Beyond these costs, Plaintiff and other sales representatives incurred sizeable necessary business expenses such as gas, smart phone and data plans, travel expenses (airfare, hotels, meals and incidentals), insurance, advertising, marketing, and other professional charges and expenses and were not reimbursed by Defendants for those expenses.

38.     Defendants have not secured the payment of workers' compensation insurance covering Plaintiff or other independent sales representatives. Likewise, Plaintiff and the other representatives in California are not provided paid sick days, access to disability and unemployment insurance, access to employee savings plans such as Defendants' 401(k) plan, and similar benefits.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.     Mr. Karl brings the first cause of action, for violation of the FLSA, as a nationwide collective action under FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of:

> all current and former independent sales representatives, independent service associates, or similarly-titled positions, of Zimmer Biomet, Zimmer US, Biomet U.S. Reconstruction, Biomet Biologics, and Biomet, who were classified as independent contractors in the three years prior to the filing of this complaint.

-7-

("FLSA Collective Plaintiffs.")

40.    Plaintiff and the FLSA Collective Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of unlawfully characterizing them as independent contractors and refusing to pay them overtime in violation of the FLSA.

41.    This claim may be brought and maintained as an "opt-in" collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of Plaintiff are similar to the claims of the FLSA Collective Plaintiffs.

42.    The names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice should be provided to the FLSA Collective Plaintiffs via first class mail, e-mail, and posting in the offices where they have worked as soon as possible.

## CALIFORNIA CLASS ACTION ALLEGATIONS

43.    Mr. Karl brings the Second, Third, Fourth, Fifth, Sixth, and Seventh causes of action (the "California Claims") for violation of the California Labor Code and California Business & Professions Code under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of a class of similarly situated individuals (the "California Class"), defined as:

> All current and former independent sales representatives, independent service associates, or similarly-titled positions of Zimmer Biomet, Zimmer US, Biomet U.S. Reconstruction, Biomet Biologics, and Biomet, who were classified as independent contractors in California in the four years prior to the filing of this complaint (the "California Class Period").

44.    **Numerosity.** The California Class is so numerous that joinder of all members is impracticable. Mr. Karl is informed and believes, and on that basis alleges, that during the California Class Period Defendants employed at least 40 people who satisfy the definition of the California Class.

45.    **Common Questions**. Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.    Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510,

-8-

1174, 1174.5, and 1194, IWC Wage Order No. 4.

      b.    Whether California Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

      c.    Whether Defendants unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

      d.    whether Class members are and were entitled to reimbursement for the use of their personal vehicles, smartphones and data plans, and other necessary business expenses;

      e.    whether Class members are entitled to pay (and are and were actually paid) for every hour worked on behalf of Defendants;

      f.    whether Class members were entitled to (and received) meal periods;

      g.    whether Class members were entitled to (and received) rest periods; and

      h.    the proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

46.    **Typicality.** Mr. Karl's claims are typical of California Class members' claims. Mr. Karl, like other California Class members, was subjected to Defendants' policies and practices of refusing to pay overtime in violation of California law. Mr. Karl's job duties were typical of those of other California Class members.

47.    **Adequacy of Representation**. Mr. Karl will fairly and adequately represent and protect the interests of the California Class. Mr. Karl retained counsel competent and experienced in complex class actions, the FLSA and California Labor Code, and labor and employment litigation more broadly.

48.    Class certification of the California Claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to Mr. Karl and the California Class as a whole. Mr. Karl and the California Class are entitled to injunctive relief to end Defendants' common and uniform practice of failing to properly compensate employees for all overtime work performed for the benefit of Defendants.

-9-

49.    Class certification of the California Claims is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices unlawfully treat members of the California Class as exempt from overtime pay requirements. The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

50.    Mr. Karl intends to send notice to all members of the California Class as required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**Violations of FLSA, 29 U.S.C. § 201 *et seq.***
**(By Plaintiff on behalf of himself and the FLSA Collective Plaintiffs)**

51.    Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

52.    Plaintiff brings this claim for violation of the FLSA as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and the FLSA Collective Plaintiffs.

53.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed, and continue to employ, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

54.    Attached hereto is the Consent to Sue form Plaintiff signed pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated

-10-

individuals will sign consent forms and join as Plaintiffs on this claim in the future.

55. The FLSA requires each covered employer, including Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

56. The FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked because they are and were nonexempt employees.

57. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to the FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

58. By failing to compensate Plaintiff and the FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

59. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective Plaintiffs, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

60. The foregoing conduct, as alleged, constitutes willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

62. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

*///*

-11-

///

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510, 1194, IWC Wage Order 4-2001)**
**(By Plaintiff on behalf of himself and the California Class)**

63. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

64. Pursuant to Lab. C. §§ 200-204, 215, 216, 226, 226.6, 510(a), 558, 1194, 1198, and 1199, it is unlawful to employ persons for longer than the hours set by the Industrial Wage Commission or under conditions prohibited by the applicable Wage Order.

65. At all times relevant herein, IWC Wage Order 4-2001 applied and continues to apply to Plaintiff and the California Class members' employment by Defendants. The Wage Order provides for payment of overtime wages equal to one and one-half (1.5) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a work week, and/or for payment of overtimes wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

66. On information and belief, in misclassifying Plaintiff and the California Class members as independent contractors, Defendants failed to pay proper amounts of overtime to Plaintiff and the putative class members, for any hours worked in excess of eight in one day, and/or forty in a week, and/or seven days in a row.

67. Defendants therefore owe Plaintiff and the California Class members any unpaid overtime premium wages Defendants failed to pay, in an amount according to proof.

68. On behalf of himself and the California Class, Plaintiff requests recovery of any overtime compensation according to proof, interest, attorneys' fees, and costs pursuant to Cal. Lab. C. § 1194(a), as well as the assessment of any statutory penalties against Defendants as provided by the Labor Code and/or other applicable statutes, in an amount according to proof.

///

///

-12-

///

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512, IWC Wage Order 4-2001)**
**(By Plaintiff on behalf of himself and the California Class)**

69.    Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

70.    The Labor Code and the IWC Wage Orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including, but not limited to, Cal. Lab. Code §§ 226.7, 512, 516, and the applicable IWC Wage Order, require that employees who work at least five (5) hours must be provided with a meal break of not less than thirty (30) minutes in which the employee is relieved of all of their duties.

71.    On information and belief, Defendants, in classifying Plaintiff and other employees as independent contractors, have failed to provide Plaintiff and other employees similarly situated with all of the duty-free meal periods required by law whenever they worked more than 5 hours, and failed to pay Plaintiff, and others similarly situated, for those meal periods not provided or interrupted, including the statutory premium wages pursuant to Lab. C. §§ 203 and 226.7, in an amount according to proof.

72.    On behalf of himself and the California Class, Plaintiff seeks statutory premium wages for the relevant period prior to the filing of this Complaint, plus costs and interest pursuant to California law, including Cal. Lab. Code § 226.7, in an amount according to proof.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods (Cal. Lab. Code § 226.7, IWC Wage Order 4-2001)**
**(By Plaintiff on behalf of himself and the California Class)**

73.    Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

74.    The California Labor Code and the IWC Wage Orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including but not limited to Cal. Lab. Code §§ 226.7, 516, and the applicable IWC Wage Order, require that employees receive a paid, duty-free rest period of not less than ten minutes for each period of four hours worked or major fraction thereof. Any shifts in excess of 6 hours

-13-

1 require at least two paid rest breaks of at least 10 minutes.

2      75.    Throughout the relevant period, on information and belief, Defendants failed to

3 provide Plaintiff and other employees similarly situated with the proper amount of duty-free rest

4 periods as required by law, and failed to pay Plaintiff, and others similarly situated, for those rest

5 periods not provided or interrupted, including the statutory premium wages pursuant to Cal. Lab.

6 Code §§ 203 and 226.7, according to proof.

7      76.    On behalf of himself and the California Class, Plaintiff seeks statutory premium

8 wages for the relevant period prior to the filing of this Complaint, plus costs and interest

9 pursuant to California law, including Cal. Lab. Code § 226.7, in an amount according to proof.

10 **FIFTH CAUSE OF ACTION**<br>**Failure to Provide Itemized Wage Statements**

11 **(Cal. Lab. Code §§ 226, 226.3, IWC Wage Order 4-2001)**<br>**(By Plaintiff on behalf of himself and the California Class)**

12

13      77.    Plaintiff realleges and incorporates by reference the allegations set forth in each

14 preceding paragraph of this complaint.

15      78.    Cal. Lab. Code § 226 provides that "[e]very employer shall, semimonthly or at the

16 time of each payment of wages, furnish each of his or her employees, either as a detachable part

17 of the check, draft, or voucher paying the employee's wages, or separately when wages are paid

18 by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages

19 earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and

20 any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

21 provided that all deductions made on written orders of the employee may be aggregated and

22 shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the

23 employee is paid, (7) the name of the employee and only the last four digits of his or her social

24 security number, (8) the name and address of the legal entity that is the employer, and (9) all

25 applicable hourly rates in effect during the pay period and the corresponding number of hours

26 worked at each hourly rate by the employee.

27      79.    During the entire course of Plaintiff's employment with Defendants, and the

28 employment of all members of the California Class, Defendants did not issue proper itemized

-14-

statements with class members' paychecks, and the limited information it provided did not contain the necessary details, including failing to accurately list gross wages earned, total hours worked, all hourly pay rates, total piece rates earned and applicable piece rates, net wages earned, inclusive dates, the employee's last four social security number digits, and the name and address of the employer. As a result, Plaintiff and members of the California Class could not promptly and easily determine how many hours they worked, could not ascertain what their accurate rate of pay was, and did not know if their wages were being paid correctly.

80.     Because Plaintiff and members of the California Class did not receive accurate itemized statements due to Defendants' willful and intentional acts, they are each owed $50 for the first instance, and $100 for each additional instance, up to a total of $4,000, pursuant to Cal. Lab. Code § 226(e).

81.     As a proximate result of the acts of Defendants as alleged in this complaint, Plaintiff retained attorneys and is entitled to an award of attorneys' fees and costs, pursuant to Cal. Lab. Code § 226(e).

82.     Pursuant to Cal. Lab. Code § 226(f) Plaintiff seeks injunctive relief requiring Defendants to comply with Cal. Lab. Code § 226(a).

**SIXTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802)**
**(By Plaintiff on behalf of himself and the California Class)**

83.     Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

84.     Cal. Lab. Code § 2802 provides that: "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer …"

85.     Plaintiff and all California Class members were required to pay for gas, smart phone and data plans, travel expenses (airfare, hotels, meals and incidentals), insurance, advertising, marketing, continuing education and other professional charges and expenses incurred during discharge of their duties for Defendants.

-15-

86.     Defendants failed to reimburse Plaintiff and the California Class members for all expenses which were incurred in the course of their work. In addition, to the extent Defendants would reimburse Plaintiff and California Class members for any expenses, it often did not reimburse all expenses. This caused employees to subsidize Defendants' business expenses with no means of recovery.

87.     Defendants are and were required to indemnify and reimburse Plaintiff and the California Class members for all expenditures or losses incurred in direct consequence of the discharge of their duties, but failed to do so as required under the Labor Code, including section § 2802.

88.     As a proximate result of the failure to reimburse Plaintiff and the California Class members, they have been damaged in an amount according to proof. Cal. Lab. Code § 2802 entitles Plaintiff to the reimbursement of all such expenses, and recovery of costs and attorneys' fees in this action.

### SEVENTH CAUSE OF ACTION
**Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq*.)**
**(By Plaintiff on behalf of himself and the California Class)**

89.     Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

90.     The foregoing conduct, as alleged herein, violates the UCL, articulated at Cal. Bus. & Prof. Code § 17200 *et seq*. The UCL prohibits unlawful, unfair, and fraudulent competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

91.     Defendants engaged in, and continue to engage in, acts or practices that constitute unfair competition, as that term is defined in the UCL, by misclassifying sales representatives as independent contractors, refusing to pay sales representatives for all hours worked, provide them correct itemized statements, or reimburse their business expenses, and other FLSA and Labor Code violations as alleged. These actions resulted in Plaintiff and similarly situated California Class members receiving fewer benefits and/or wages than they had rightfully earned.

92.     The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code

-16-

§ 17200 *et seq*. Defendants' unlawful business acts and/or practices, as alleged herein, have violated numerous laws and regulations, and these predicate acts are therefore *per se* violations of the UCL. These predicate unlawful business acts and/or practices include, but are not limited to, violations of: 29 U.S.C. § 201 *et seq*., Cal. Lab. Code §§ 226, 226.7, 226.8, 510, 512, 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

93.     Similarly, because of their misclassification, Plaintiff and the California Class members were denied access to a variety of statutorily mandated benefits and social insurance programs accessed via employee status, including employer-provided health insurance, Defendants' 401(k) plan, sick leave, unemployment insurance, disability insurance, and workers' compensation. Plaintiff and the California Class were unable to participate in these benefits, and were also denied the matching 401(k) contributions that they would have received had they been properly classified. These predicate unlawful business acts and/or practices are violations of the Healthy Workplaces, Healthy Families Act of 2014, Cal. Lab. Code § 245 *et seq.*, the Worker's Compensation Act, Cal. Lab. Code § 3200 *et seq.*; the Unemployment Insurance Code, Cal. Unemp. Ins. Code § 100 *et seq.*, the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 *et seq.*, and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

94.     Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors who did not engage in such practices, and who properly classified their employees, and paid all wages and benefits due. The misconduct, as alleged herein, also violated established law and/or public polices which seek to regulate the employer-employee relationship in California and set certain basic standards to the use of labor. Failing to provide the minimum requirements of pay and benefits to employees was and is directly contrary to established legislative labor goals and policies of the State of California. Therefore, Defendants' acts and/or practices were and are unfair within the meaning of the UCL.

95.     Plaintiff seeks, on behalf of himself and the California Class, restitution in the amount of the respective unpaid wages earned and due, and the value of the benefits that would have been due had they been properly classified, in an amount according to proof at trial. Plaintiff also seeks recovery of attorneys' fees and costs of this action as provided by the relevant

-17-

provisions of the California Labor Code and Cal. Code Civ. Proc. § 1021.5.

96. Plaintiff also seeks, on behalf of himself and the California Class, declaratory relief that they are entitled to be classified as employees for purposes of the protections of California's Labor Code and the FLSA.

97. Plaintiff also seeks, on behalf of himself and the California Class, an injunction obligating Defendants to classify sales representatives as employees, including providing access to the statutory benefits described in this cause of action.

### EIGHTH CAUSE OF ACTION
**Violation of Labor Code Private Attorneys General Act (Cal. Lab. Code § 2698 *et seq.*)**
**(By Plaintiff on behalf of All Aggrieved California Employees of Defendants)**

98. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

99. Plaintiff brings this representative claim on behalf of himself and all other aggrieved employees of Defendants under PAGA. PAGA permits aggrieved employees to bring a lawsuit on behalf of themselves and other current and former employees, on a representative basis, to address an employer's violations of the California Labor Code. In this case, Defendants violated, *inter alia*, Cal. Lab. Code §§ 200-204, 215, 218.5, 218.6, 225.5, 226, 226.3, 226.6, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1197, 1197.1, 2802, and 2804 (some of which are, in turn, based on IWC Wage Orders), and all other applicable Labor Code sections relating to the causes of action set forth herein. Plaintiff seeks PAGA penalties on behalf of himself, Defendant's other current and former California employees, and the State of California.

100. Plaintiff complied with PAGA's administrative exhaustion requirement in the manner prescribed in PAGA § 2699.3, including providing notice as set forth in PAGA § 2699.3(a)(1)(A) to both the Labor & Workforce Development Agency ("LWDA") by online filing and to Defendants by certified mail on September 28, 2018. Over 65 calendar days elapsed since the postmark date of the notice provided by Plaintiff under PAGA § 2699.3(a)(2) and the LWDA has not responded.

101. Defendants are "persons" as contemplated within the meaning of PAGA § 2699(b). Plaintiff is an "aggrieved employee" of Defendants within the meaning of PAGA §

-18-

2699(c).

102.     Plaintiff, for himself and on behalf of all aggrieved employees, seeks to recover civil penalties under PAGA § 2699(a) for Defendants' violations, including:

a.   Failure to timely pay all lawfully earned wages, including final wages upon separation of employment pursuant to Labor Code §§ 201, 203, 225.5, 558;

b.   Penalties under Labor Code § 210 for failure to pay wages in accordance with § 204, including $100 for each initial violation and $200 plus 25% of the amount withheld for subsequent violations;

c.   Interest for unpaid wages pursuant to Labor Code § 218.6;

d.   Inaccurate itemized wage statements under Labor Code §§ 226 and 226.3;

e.   Denial of proper rest breaks under Labor Code §§ 226.7, 558;

f.   Penalties for misclassification as independent contractors under Labor Code § 226.8;

g.   Denial of proper meal breaks under Labor Code §§ 512, 558;

h.   Failure to pay all overtime premium payments under Labor Code § 510 *et seq*.;

i.   Penalties under Labor Code § 558 for violation of provisions regulating hours and days of work;

j.   Penalties for failure to maintain payroll records under Labor Code § 1174(d);

k.   Failure to pay minimum wage for all hours worked under Labor Code §§1194, 1194.2, 1197, and 1197.1;

l.   Failure to indemnify employees for all losses or expenditures incurred as part of employment under Labor Code § 2802 and 2804.

103.     Plaintiff individually, and on behalf of all other aggrieved current and former employees within the liability period, seeks to recover all statutory civil penalties specifically provided for by each above noted section of the California Labor Code, from every named Defendant's violation of that Labor Code provision.

104.     Pursuant to Cal. Lab. Code § 558 and 558.1, which provide for penalties against

-19-

an employer or person acting on behalf of an employer, and in addition to any other civil penalties statutorily provided per each specific Labor Code section, Plaintiff also seeks a statutory penalty of fifty dollars ($50) for each aggrieved employee per pay period for Defendants' first violation of any provision of the California Labor Code covered by § 558, and one hundred dollars ($100) for each aggrieved employee per pay period for any subsequent violation by Defendants of any provision of the California Labor Code covered by § 558, in addition to a civil penalty in an amount equal to any underpaid wages.

105. Pursuant to PAGA §§ 2699(f)(2), and in addition to any other civil penalties statutorily provided per each specific Labor Code section, Plaintiff seeks a statutory penalty of one hundred dollars ($100) for each aggrieved employee per pay period for Defendants' first violation of any provision of the California Labor Code, and two hundred dollars ($200) for each aggrieved employee per pay period for any subsequent violation by Defendants of any provision of the California Labor Code, which is not covered by any other statutory penalty.

106. Plaintiff requests the above damages, plus reasonable attorneys' fees and costs as provided in PAGA § 2699(g)(1), in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all FLSA Collective Plaintiffs, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

-20-

1    E.    Costs of action incurred herein, including expert fees;

2    F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

3    G.    Pre and Post-judgment interest, as provided by law; and

4    H.    Such other legal equitable relief as this Court deems necessary, just, and proper.

5    AND WHEREFORE, Plaintiff, for himself and on behalf of the California Class

6    members, prays for judgment and relief as follows:

7    A.    An order certifying this action as a class action, under Fed. R. Civ. P. 23;

8    B.    An award of damages for the amount of unpaid compensation, overtime

9    premiums, and meal and rest break premiums, including interest thereon, subject to proof at trial;

10    C.    An award of penalties for the failure to provide properly itemized statements with

11    all paychecks, under Cal. Lab. Code § 226;

12    D.    An order to reimburse all business expenses incurred in the course of Plaintiff and

13    all California Class members' duties while employed with Defendants;

14    E.    An order that Defendants reclassify California Class members and all similarly

15    situated employees as employees;

16    F.    Restitution to Plaintiff and the California Class due to Defendants' unlawful

17    and/or unfair activities, pursuant to Bus. & Prof. C. § 17200 *et seq.*;

18    G.    That Defendants further be enjoined to cease and desist from unlawful and/or

19    unfair activities, under Bus. & Prof. C. § 17200, *et seq.*;

20    H.    An award of reasonable attorneys' fees and costs under the common fund

21    doctrine, Cal. Lab. Code §§ 218.5, 218.6, 226, 1194, Code of Civil Procedure § 1021.5 and/or

22    any other applicable provisions of law;

23    AND WHEREFORE, Plaintiff, for himself, and on behalf of all aggrieved employees of

24    Defendants in California, prays for judgment against Defendants as per the provisions of the

25    Private Attorneys General Act, Cal. Lab. Code §2699 *et seq.,* as follows:

26    A.    The maximum civil penalty specifically provided by statute for each aggrieved

27    employee for each violation of the California Labor Code as described herein, in an amount

28    according to proof.

-21-

1        **B.**      Except for penalties specifically provided for in the California Labor Code, a civil

2 penalty of one hundred dollars ($100) for each aggrieved employee per pay period for each

3 initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for

4 each subsequent violation of the California Labor Code as described herein, for a total amount

5 according to proof.

6        **C.**      Attorneys' fees and litigation costs incurred in prosecuting this action, including

7 expert fees, pursuant to Cal. Lab. Code § 2699(g)(1);

8        **D.**      Pre- and post-judgment interest on any amounts awarded;

9        **E.**      Such other legal, injunctive and equitable relief as the Court may deem just and

10 proper.

11

12  Dated: January 2, 2019                     Respectfully submitted,

13                                      /s/ Alec Segarich

14                                    _____

                                   Alec Segarich

15                                    LOHR RIPAMONTI & SEGARICH LLP

                                   *Attorney for plaintiff and proposed Class*

16                                    *Members*

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to a jury trial.

Dated: January 2, 2019

Respectfully submitted,

/s/ Alec Segarich

_____
Alec Segarich
LOHR RIPAMONTI & SEGARICH LLP
*Attorney for plaintiff and proposed Class Members*

# PLAINTIFF CONSENT FORM
## FLSA ACTION AGAINST ZIMMER BIOMET HOLDINGS, INC., ET AL.

1.  I hereby consent to join the legal action against ZIMMER BIOMET HOLDINGS, INC., ZIMMER US, INC., BIOMET U.S. RECONSTRUCTION, LLC, BIOMET BIOLOGICS, LLC, and BIOMET, INC., and related entities and/or individuals to assert claims for overtime pay.

2.  I choose to be represented by Lohr Ripamonti & Segarich LLP and Scherer Smith & Kenny LLP in this action, and to be bound by their decisions in the litigation as my representatives.

3.  During the past three years, there were occasions when I worked over 40 hours per week as a sales representative and did not receive overtime compensation and/or minimum wage pay.

4.  If this case does not proceed collectively, then I also consent to join any subsequent action to assert claims against ZIMMER BIOMET HOLDINGS, INC., ZIMMER US, INC., BIOMET U.S. RECONSTRUCTION, LLC, BIOMET BIOLOGICS, LLC, and BIOMET, INC., and related entities for overtime pay.

5.  I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date:     June 28, 2018

6/28/2018 1:56:23 PM PDT

Signature

James Karl

Print Name