IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KARL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER US, INC., a Delaware corporation; BIOMET U.S. RECONSTRUCTION, LLC, an Indiana limited liability company; BIOMET BIOLOGICS, LLC, an Indiana limited liability company; and BIOMET, INC., an Indiana corporation,<br><br>Defendants.<br>_____/ | No. C 18-04176 WHA<br><br>**ORDER RE MOTION TO STAY AND VACATING HEARING** |

In this putative employment class action, defendants move to stay pending resolution of its petition for writ of mandamus. For the reasons herein, defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Pursuant to Civil Local Rule 7-1(b), this order finds defendants' motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for January 10.

In August 2015, plaintiff James Karl signed a sales associate agreement with defendants Zimmer US, Inc., Biomet U.S. Reconstruction, LLC, and Biomet Biologics, LLC and thereafter began working for defendants as a sales representative in California. The agreement classified plaintiff and other California-based sales representatives as independent contractors and included a forum-selection clause identifying Indiana as the exclusive forum (Dkt. Nos. 1 at 1; 14-2).

Plaintiff alleges that defendants misclassified him and other sales representatives as independent contractors rather than employees. As such, he raises claims for relief for violations of the FLSA, Industrial Welfare Commission Wage Order 4-2001, the California Labor Code for unpaid wages and overtime premiums, and related California Labor Code claims, including: meal and rest period violations, failure to provide itemized wage statements, failure to reimburse business expenses, and related civil and statutory penalties.

An order dated November 6, 2018, denied defendants' motion to transfer the instant action to the Northern District of Indiana pursuant to the forum-selection clause found in the sales associate agreement based on California Labor Code Section 925, which makes forum-selection clauses voidable per public policy (Dkt. No. 27 at 2–11). That order also denied defendants' motion to dismiss and strike (*id*. at 12–21).

On November 29, 2018, defendants filed a petition for writ of mandamus with our court of appeals in connection with the order denying defendants' motion to transfer (Dkt. No. 35). Defendants now move to stay proceedings pending resolution by our court of appeals of the writ petition (Dkt. No. 33). Plaintiff opposes (Dkt. No. 37).

Whether to issue a stay is within the district court's discretion. Our court of appeals considers four factors in determining if a stay pending appeal of the denial of a motion to transfer is warranted: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). These factors are weighed on a "sliding scale," whereby the elements are balanced so that "a stronger showing of one element may offset a weaker showing of another." *Ibid*. (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Here, while defendants have not made a strong showing that it is likely to succeed on the merits, they have shown irreparable harm absent a stay to a certain extent. This order therefore finds that the balance of equities weigh in favor of granting a *partial* brief stay.

That is, this order agrees that defendants would be irreparably harmed if plaintiff moves for conditional certification of a FLSA collective action by the January 24 deadline in the event our court of appeals grants their writ petition. Upon the grant of writ petition, the forum-selection clause would be enforceable and therefore this action would be transferred to the Northern District of Indiana — where, under the United States Court of Appeals for the Seventh Circuit law, defendants would face a different standard for conditional certification. In light of this, the filing deadline for plaintiff's conditional certification motion shall be continued until March 28 at noon in order to allow the chance to have the benefit of the ruling of our court of appeals.

A stay on discovery, however, is not warranted. Defendants have not shown the requisite irreparable harm due to reasonable discovery. Though defendants argue that discovery would be burdensome as their witnesses are located in Indiana, this order finds that plaintiff — who chose the venue — should bear the burden of deposing relevant witnesses in Indiana. The gravamen of defendants' alleged discovery woes are thus moot anyway.

This case will go forward somewhere — whether here or in Indiana — so we might as well make progress on discovery while the petition remains unresolved. So, the discovery will be useful even if this action is ultimately transferred to the Northern District of Indiana.

Therefore, to the extent stated above, defendants' request for a stay pending our court of appeals' ruling on the writ petition is **GRANTED IN PART**. Plaintiff shall file his motion for conditional certification of an FLSA action by **MARCH 28 AT NOON**. Defendants' motion is otherwise **DENIED**. Discovery shall proceed as scheduled. The hearing scheduled for January 10 is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 8, 2019.

                                                WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE