MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Jason P. Brown, Bar No. 266472
jason.brown@morganlewis.com
Joseph R. Lewis, Bar No. 316770
joseph.lewis@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendants
ZIMMER BIOMET HOLDINGS, INC.; ZIMMER US, INC.; BIOMET U.S. RECONSTRUCTION, LLC; BIOMET BIOLOGICS, LLC; and BIOMET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KARL, on behalf of himself, and on behalf of a class of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER US, INC., a Delaware Corporation; BIOMET U.S. RECONSTRUCTION, LLC, an Indiana limited liability company; BIOMET BIOLOGICS, LLC, an Indiana limited liability company; and BIOMET, INC., an Indiana Corporation,<br><br>Defendants. | Case No. 3:18-cv-04176-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO FRCP 56(d)**<br><br>Date:  October 24, 2019<br>Time:  8:00 A.M.<br>Courtroom:  12<br>Judge:  Hon. William H. Alsup |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO MOTION PURSUANT
TO FRCP 56(d)
Case No. 3:18-cv-04176-WHA

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF RELEVANT FACTS .................................................................... 2

III. LEGAL ARGUMENT ................................................................................................. 3

    A. Compliance with the Discovery Order—i.e., Class Discovery—Is Not Essential to Justifying Plaintiff's Opposition to Defendants' Motion for Summary Judgment ........................................................................................... 4

        1. Class Discovery Has No Bearing on Plaintiff's Individual Claims ........... 4

        2. MyFax and FAST Documents Are Not Essential ..................................... 4

        3. The Patient Matched Implant ("PMI") System Is Not a Scheduling, Calendaring, or Hours System .................................................................. 5

        4. Defendants Do Not Possess Google Documents/Calendars and WhatsApp Documents Pertaining to Plaintiff ........................................... 6

    B. Defendants Have Produced Plaintiff's Vendor Credentialing Documents ............ 7

    C. Plaintiff Has Not Requested Defendants' Non-Employee Travel Policy or Code of Conduct Handbook ................................................................................. 7

    D. Plaintiff's Request For More Time to Seek Discovery to Oppose Summary Judgment on His Individual Claims Should Be Rejected Because It Is the Direct Result of His Dilatory Conduct ................................................................. 8

        1. Plaintiff Has Not Requested Purchase Orders ........................................... 8

        2. Plaintiff Has Not Noticed The Deposition of a Person Most Knowledgeable on Zimmer Biomet Holdings, Inc.'s or Biomet, Inc.'s Corporate Structure ....................................................................... 9

IV. CONCLUSION ........................................................................................................... 10

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

i

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
18-CV-04176-WHA

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. FCA US LLC*,
  2016 WL 9136170 (C.D. Cal. Dec. 27, 2016) ........................................................................1

*Cerveny v. Aventis, Inc.*,
  855 F.3d 1091 (10th Cir. 2017) ..............................................................................................7

*Chance v. Pac–Tel Teletrac Inc.*,
  242 F.3d 1151 (9th Cir. 2001) ............................................................................................3, 4

*Getz v. Boeing Co.*,
  654 F.3d 852 (9th Cir. 2011) ...................................................................................................4

*Greer v. Lockheed Martin Corp.*,
  855 F. Supp. 2d 979 (N.D. Cal. 2012) .................................................................................3, 4

*Landmark Dev. Corp. v. Chambers Corp.*,
  752 F.2d 369 (9th Cir. 1985) ...................................................................................................8

*Logic Devices, Inc. v. Apple Inc.*
  2014 WL 5305979 (N.D. Cal., Oct. 16, 2014, No. C 13-02943
  WHA) ......................................................................................................................................1

*Martinez v. Columbia Sportswear USA Corp.*,
  553 F. App'x. 760 (9th Cir. 2014) ...........................................................................................1

*Pfingston v. Ronan Eng'g Co.*,
  284 F.3d 999 (9th Cir. 2002) ...............................................................................................1, 4

*Rivera-Torres v. Rey-Hernandez*,
  502 F.3d 7 (1st Cir. 2007) .......................................................................................................8

*Taylor v. West Marine Products, Inc.*
  2014 WL 4683926 (N.D. Cal., Sept. 19, 2014, No. C 13-04916
  WHA) ......................................................................................................................................9

*Terrell v. Brewer*,
  935 F.2d 1015 (9th Cir. 1991) .................................................................................................1

**STATUTES**

FLSA ........................................................................................................................................4, 6, 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
18-CV-04176-WHA

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**RULES**

Fed. R. Civ. P.
    30(b)(6) ............................................................................................................................. 1, 9
    56 ........................................................................................................................................... 8
    56(d) ............................................................................................... 1, 2, 3, 4, 5, 6, 7, 8, 9
    56(d)(2) ................................................................................................................................ 3
    56(f) ............................................................................................................................ 1, 3, 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
18-CV-04176-WHA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In an effort to avoid summary judgment on his individual claims, Plaintiff James Karl ("Plaintiff") seeks more time to conduct discovery.  However, Rule 56(d) applies in only limited circumstances to address "premature" summary judgment motions, where the nonmovant has not been afforded a reasonable opportunity to conduct the discovery it needs to oppose the motion.  That is clearly not the case here, as Defendants filed their motion for summary judgment more than one year after this action was filed, which hardly qualifies as "premature."  Moreover, discovery has been open for almost one year, and Plaintiff has served and received responses to a set of fifty-six (56) document requests and also has deposed both Defendants' Rule 30(b)(6) designee on multiple topics and the Area Vice President of the Region in which Plaintiff serves as an independent contractor sales representative.

Plaintiff bears the burden of satisfying the Rule 56(d) requirements.  See *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).  To do so, he must provide a declaration showing "with particularity," among other things, that he acted diligently in seeking discovery, why he supposedly cannot oppose summary judgment, the particular facts that he reasonably expects to obtain with further discovery and that such facts are in Defendants' possession, and how the information reasonably expected could be expected to create a genuine issue of material fact that would defeat the summary judgment motion.  *See Adams v. FCA US LLC*, 2016 WL 9136170, at *4 (C.D. Cal. Dec. 27, 2016) (identifying requirements); *see also Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x. 760, 761 (9th Cir. 2014).  The affidavit filed in support of Plaintiff's Motion does not satisfy each of these elements and fails to demonstrate the "specified reasons" why additional discovery is essential to opposing summary judgment.  Plaintiff's failure to propound any such additional discovery at this point is a problem of his own making.  Plaintiff has not shown, and cannot show, that, over the past year, he diligently pursued the discovery he now claims is "essential" to opposing summary judgment on his individual claims.  *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion"); *see also Logic Devices, Inc. v. Apple*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

1

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

*Inc*. 2014 WL 5305979, at *4 (N.D. Cal., Oct. 16, 2014, No. C 13-02943 WHA). By arguing that he "intends to serve RFPDs regarding information concerning purchase orders" (ECF 98-1 ("Kenny Decl."), ¶ 14); and "is entitled to depose a person with personal knowledge of Zimmer Biomet Holdings, Inc., and/or Biomet, Inc." Kenny Decl. ¶ 15, he essentially concedes that he has not sought such discovery to date.

Finally, Defendants' Motion for Summary Judgment is drawn almost entirely from Plaintiff's deposition testimony. Given the issues raised and framing of Defendants' Motion, Plaintiff has not shown how any additional RFPs or depositions would reasonably expect to generate evidence to create a genuine issue of fact that would be material to resolution of Defendants' Motion. As a result, there is no basis to further delay the hearing on Defendants' Motion, and Plaintiff's Rule 56(d) Motion should be denied.

## II. STATEMENT OF RELEVANT FACTS

On July 12, 2018, Plaintiff filed his original Complaint against Zimmer Biomet Holdings, Inc.; Zimmer US, Inc.; Biomet U.S. Reconstruction, LLC; Biomet Biologics, LLC; and Biomet Inc. ("Defendants"). ECF 1. More than five (5) months later, on December 20, 2018, Plaintiff propounded fifty-six (56) requests for production of documents ("RFP"). Declaration of Eric Meckley ("Meckley Decl.") at ¶ 2. Approximately fifty (50) of Plaintiff's RFPs (or 89% of the Requests) related to "Class or Collective Members." *Id.* Approximately five (5) of the RFPs do not refer to Class or Collective Action Members but relate generally to Defendants' compliance, insurance, and/or policies not specific to Plaintiff. *Id.* Under the headnote: "Plaintiff-specific Documents," there is only a single Request. *Id.*

Defendants timely responded to Plaintiff's RFPs, and later served amended responses at Plaintiff's request following extensive meeting and conferring. *Id.* at ¶ 3. Defendants produced thousands of responsive documents, including but not limited to Plaintiff's Surgery Management System ("SMS") records, his independent contractor agreement, his training history, and documents related to vendor credentialing. *Id.* The Parties met and conferred extensively regarding Defendants' document production, as described in Plaintiff's Discovery Dispute Letter to the Court. ECF 80 ("including 11 letters, several phone calls, and a final in-person meet-and-

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB2/ 37361938.1

2

OPPOSITION TO MOTION PURSUANT TO FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

1  confer on 7/31/19[.]") Plaintiff has not, through RFPs, meet-and-confer, or otherwise, requested
2  the several documents he now claims are essential and outstanding (e.g., purchase orders, a Non-
3  Employee Travel Policy, or a Code of Conduct Handbook.)  Meckley Decl., at ¶ 3.
4     On August 26, 2019, Plaintiff filed a Discovery Dispute Letter with the Court.  ECF 80.
5     On September 5, 2019, Defendants filed their Motion for Summary Judgment.  ECF 85.
6     On September 11, 2019, the Parties met and conferred in the Court's jury room,
7  specifically regarding Defendants' document production.  Meckley Decl. at ¶ 5.  During that
8  conference, which supposedly was intended to resolve *all* of Plaintiff's issues with Defendants'
9  document production, Plaintiff's counsel did not raise any of the issues he has now raised via his
10 Motion for a Rule 56(d) delay.  *Id.*  Immediately following the conference, the Court heard
11 argument regarding Parties' disputes, and ordered Defendants to produce putative class
12 members' phone numbers and email addresses, data on the putative class members' Sales
13 Associate Agreements, scheduling data for twelve (12) putative class members *other than*
14 *Plaintiff*, and organizational charts.  *Id.*; ECF 95.  During the hearing, Plaintiff argued about
15 issues raised in Defendants' Motion for Summary Judgment, but did not raise any of the issues
16 he complains about in his Rule 56(d) Motion.  Meckley Decl. at ¶ 5.

### III.  LEGAL ARGUMENT

Under Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56(d)" -- formerly designated as Rule 56(f)), a party can seek additional time to respond to a motion for summary judgment to "allow [it] time to obtain affidavits or declarations or to take discovery."  Fed. R. Civ. P. 56(d)(2).  To obtain such relief, the party must show by declaration "that, for specified reasons it cannot present facts essential to justify its opposition."  Fed. R. Civ. P 56(d) (emphasis added).  The burden is on plaintiff to show that the evidence sought likely exists and that it would prevent summary judgment.  *Chance v. Pac–Tel Teletrac Inc*., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.  *Greer v. Lockheed Martin Corp*., 855 F. Supp. 2d 979, 985 (N.D. Cal. 2012) (Alsup) ("Stated another way, [our court of appeals] will only find that the district court abused its discretion if the movant diligently pursued its previous

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB2/ 37361938.1

3

OPPOSITION TO MOTION PURSUANT TO FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

1  discovery opportunities, and if the movant can show how allowing additional discovery would

2  have precluded summary judgment"(citing *Chance*); *see also Getz v. Boeing Co.*, 654 F.3d 852,

3  868 (9th Cir. 2011)).  The purpose of Rule 56(d) is to prevent the nonmoving party from being

4  "railroaded" by a premature summary judgment motion.  *Greer,* at 985.

5  Here , Plaintiff has not been diligent in seeking discovery from Defendants with respect to

6  his individual claims, which is a primary factor in considering whether to grant additional time.

7  *See Pfingston v. Ronan Eng'g Co*., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct

8  discovery diligently is grounds for the denial of a Rule 56(f) motion.").

### A. Compliance with the Discovery Order—*i.e.*, Class Discovery—Is Not Essential to Justifying Plaintiff's Opposition to Defendants' Motion for Summary Judgment

#### 1. Class Discovery Has No Bearing on Plaintiff's Individual Claims

Defendants produced Plaintiff's SMS information.  Meckley Decl. ¶ 3.  SMS records are unique to the surgeries that a particular sales representative enters in the system and/or covers. Plaintiff testified that he used SMS since around the time of the Zimmer Biomet merger in 2015. Karl Depo. 152:22-153:8.  Plaintiff acknowledges this fact ("Defendants have produced *some* SMS documents"), but also states, "Defendants' compliance with the Discovery Order will yield additional information needed to dispute Defendants' arguments concerning their purported absence of control over Plaintiff." ECF 98-1, ¶ 9.  However, the Discovery Order specified that Defendants are to produce work schedules, calendars, and hours worked for twelve (12) putative class members *other than Plaintiff*.  ECF 95.  Plaintiff's Motion for a Rule 56(d) continuance does not demonstrate, much less provide "specified reasons," how *other persons'* work schedules, calendars, and hours bear on Defendants' arguments that *Plaintiff's claims should be dismissed* because, among other things, *he* qualified as an independent contractor under the FLSA and also qualified as an exempt outside sales person.

#### 2. MyFax and FAST Documents Are Not Essential

Plaintiff testified that MyFax and FAST were Biomet's electronic systems that he used before the Zimmer-Biomet merger in 2015.  Karl Depo. 153:22-154:2.  Yet, Plaintiff has not provided specific reasons as to how or why these pre-2015 electronic systems are essential to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

4

OPPOSITION TO MOTION PURSUANT TO FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

opposing Defendants' Motion for Summary Judgment. As is apparent from reading Defendants' Motion, Defendants' arguments are not premised on whether Plaintiff covered cases on a particular day or the amount of time Plaintiff spent attending surgeries -- *Defendants' Motion relies exclusively on Plaintiff's testimony and assumes everything he said about what he actually did and the hours he spent per day and per week were true* -- thus no data or information from any surgery scheduling systems bears on the questions at issue in Defendants' Motion. Indeed, Plaintiff testified Defendants' systems served solely as a platform to communicate whether a surgery was scheduled, cancelled or completed, and allowed ZB to know what types of devices/products were needed in inventory for the surgery. Karl Depo. 153:3-13; 154:3-155:24. Thus, with respect to his request for additional discovery about SMS, MyFax or FAST information, Plaintiff has not met the requirements for a Rule 56(d) delay.

### 3. The Patient Matched Implant ("PMI") System Is Not a Scheduling, Calendaring, or Hours System

The PMI system is a software program that contractors like Plaintiff use to order custom-manufactured medical devices. Karl Depo. 230:3-231:6; ECF 98 ("Plaintiff's Opposition to Defendants' Motion for Summary Judgment"), 7:6-9 ([T]he PMI system was used "to communicate with [ZB] and the doctor…in order to design and order a modified version of a Zimmer Biomet product."). PMI does not record when a sales representative worked or whether a sales representative covered a case. PMI does not contain a calendar or a schedule. Nor does it show hours worked. Therefore, Plaintiff's RFP's do not call for production of PMI data. Nor does the Court's recent Discovery Order, which targeted schedules, calendars, or hours worked for twelve individuals other than Plaintiff. To the extent Plaintiff contends that PMI documents are responsive to requests for documents other than schedules, calendars, and hours worked, Plaintiff's Motion for a Rule 56(d) delay does not identify which specific RFPs actually call for this information, thus he has not shown that he diligently pursued this information in previous discovery opportunities, despite the fact that, as a software program he used, Plaintiff was aware of it and presumably could have specifically requested it (to the extent he believed it was significant).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

5

OPPOSITION TO MOTION PURSUANT TO FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

More importantly, however, none of the arguments in Defendants' Motion for Summary Judgment necessitate any reference to any information in the PMI system.  Plaintiff has failed to explain how information from PMI would raise a triable issue of material fact as to whether he was correctly classified as an independent contractor under the FLSA or whether he qualified as an exempt outside sales person, which requires only two elements be met (i.e., majority of work performed away from Defendants' offices and primary duty (under FLSA) or greater than 50% of time spent (under California law) is sales and sales-related activities).  Thus, no data or information from the PMI systems bears on any of the questions at issue in Defendants' Motion.

### 4. Defendants Do Not Possess Google Documents/Calendars and WhatsApp Documents Pertaining to Plaintiff

Plaintiff's Motion for a Rule 56(d) delay lists "Google Documents/Calendars" and "WhatsApp" as tools Defendants required Plaintiff to use to track and schedule surgical procedures.  At the outset, it is important to understand that Defendants do *not* require Plaintiff to use these tools.  Moreover, as stated in Defendants' Motion for Summary Judgment, Defendants do not have access to, much less possession, custody, or control of, Plaintiff's Google Documents/Calendars and WhatsApp.  ECF 85, p. 12, lines 7-14.  Had Plaintiff chosen over the course of the one year period since filing this case to depose his Territory General Manager Don Quigley, he could have questioned Mr. Quigley about this topic.  But Plaintiff never even asked to depose Mr. Quigley.  He would have learned that Plaintiff and other contractor sales representatives may agree among themselves to use any of these communication tools, but no one employed by Defendants instructed Plaintiff to use these tools or mandated access to them.  This is consistent with Plaintiff's discovery responses.  When asked to produce all "'record[ed] and report[ed]…daily appointments, duties and scheduled activities on specified applications and communications devices, including WhatsApp, Google Calendar, surgery scheduling and inventory management systems, and group texts' that YOU referenced in Paragraph 20 of YOUR COMPLAINT," Plaintiff responded that he produced all responsive documents in his possession, custody, or control.  In a recent meet-and-confer letter, Plaintiff identified these documents as KARL012073-012155.  Yet, none of these documents reflect that Defendants' employees had

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

6

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

1  access to them. Thus, because Plaintiff has not shown, and cannot show, that the sought-after
2  discovery exists in Defendants' possession, custody, or control, this requested discovery does not
3  satisfy Rule 56(d). In addition, the requested discovery would not be material or relevant to the
4  issues raised in Defendants' Motion, given that Defendants have accepted Plaintiff's deposition
5  testimony as true.

### B. Defendants Have Produced Plaintiff's Vendor Credentialing Documents

Plaintiff contends that he is entitled to a Rule 56(d) delay because Defendants have not produced documents relating to vendor credentialing. ECF 98-1, ¶ 12. To the contrary, Defendants produced several vendor credentialing documents including a Vendor Credentialing Fact Sheet. Meckley Decl. ¶ 3. In light of Plaintiff's erroneous assertion, and because Plaintiff's Motion for a Rule 56(d) delay does not identify any RFP seeking vendor credentialing documents, it is unclear which documents he claims that he diligently sought. Further, the declaration supporting Plaintiff's Motion does not offer "specified reasons" regarding the supposed way(s) in which the vendor credentialing documents are essential to justify his Opposition. Without this explanation set forth in a supporting affidavit, Rule 56(d) is unsatisfied. *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Circ. 2017).

### C. Plaintiff Has Not Requested Defendants' Non-Employee Travel Policy or Code of Conduct Handbook

Plaintiff claims that Defendants' Non-Employee Travel Policy and Code of Conduct Handbook fall within the ambit of Plaintiff's RFP No. 3:

> Any and all employment *agreements*, independent contractor *agreements*, or other *agreement* between Class or Collective Members and Defendant applicable during the relevant period.

ECF 98-1, ¶ 13; Meckley Decl. ¶ 2, Ex. A (emphasis added).

The Non-Employee Travel Policy and Code of Conduct Handbook are not employment agreements or independent contractor agreements; rather, they are policies, which Plaintiff's RFPs separately define. *Id.* Thus, Plaintiff's attempt to rely on these documents to delay the summary judgment hearing lacks merit, because Plaintiff did not diligently seek this discovery in previous opportunities. Furthermore, his request for Rule 56(d) relief lacks an attempt to demonstrate how

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

7

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

1   these policies refute Defendants' argument that they did not "control" Plaintiff *or* that he qualified

2   as an exempt outside sales person under the FLSA and California law.

3       To the extent Plaintiff argues that Defendants' Non-Employee Travel Policy and Code of

4   Conduct Handbook are "agreements" contemplated by RFP No. 3, or otherwise fall within the

5   ambit of other discovery requests not identified in Plaintiff's Rule 56(d) Motion, he could have

6   (and presumably should have) moved to compel such further information. *Rivera-Torres v. Rey-*

7   *Hernandez*, 502 F.3d 7, 11 (1st Cir. 2007) (no abuse of discretion in denying motion for additional

8   time because, in part, plaintiffs did not show "that they seasonably availed themselves of any of

9   the usual remedies for a failure of production during the discovery period"). As evident from the

10  September 11, 2019 discovery hearing before the Court, Plaintiff did not do so. As a result,

11  pursuant to Rule 56(d), these documents cannot support his request to delay summary judgment.

12      **D.**    **Plaintiff's Request For More Time to Seek Discovery to Oppose Summary Judgment on His Individual Claims Should Be Rejected Because It Is the Direct Result of His Dilatory Conduct**

13

14      Plaintiff's failure to propound the discovery he claims is essential to opposing summary

15  judgment is not cause for a Rule 56(d) delay. *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d

16  369, 372 (9th Cir. 1985) (affirming denial of Rule 56 motion for more time because "[f]ailure to

17  take further depositions apparently resulted largely from plaintiffs' own delay.")

18      **1.**    **Plaintiff Has Not Requested Purchase Orders**

19      Plaintiff has not shown that he diligently pursued "purchase orders." In fact, he concedes

20  that he has not. Kenny Decl., ¶ 14 ("Plaintiff intends to serve RFPD's regarding information

21  concerning purchase orders.") Nor has Plaintiff demonstrated that purchase orders would even be

22  relevant to, let alone form a basis for denying, summary judgment. At most, Plaintiff asserts,

23  "Purchase orders would demonstrate when a sales transaction occurred and whether 'solution-

24  selling' to surgeons should be treated as a sales-type of duty subject to the outside sales

25  exemption[.]" *Id.* Purchase orders have dates on them, but a date hardly demonstrates whether

26  'solution-selling' is a sales-type of duty subject to the outside sales exemption. Typically, a

27  hospital issues a purchase order after confirming which products were actually used in a surgery.

28  Nothing about the act of producing a purchase order (or the information therein, which consists of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

8

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

1  product numbering information) sheds any material light on whether Plaintiff was performing

2  sales or sales related activities as his primary duty for more than 50% of his time -- that question

3  is resolved by his sworn deposition testimony. The Rule 56(d) Motion does not specify otherwise.

**2.  Plaintiff Has Not Noticed The Deposition of a Person Most Knowledgeable on Zimmer Biomet Holdings, Inc.'s or Biomet, Inc.'s Corporate Structure**

Plaintiff's complaint names five defendant entities, including Zimmer Biomet Holdings, Inc. and Biomet, Inc. ECF 1. Thus, he has been aware of these entities for at least seventeen months. The affidavit in support of Plaintiff's Rule 56(d) Motion states, "Plaintiff is entitled to depose a person with personal knowledge of Zimmer Biomet Holdings, Inc., and/or Biomet, Inc." However, this is not a "specified reason[s]" for why Plaintiff cannot present facts essential to justify his Opposition. *Taylor v. West Marine Products, Inc*. 2014 WL 4683926 (N.D. Cal., Sept. 19, 2014, No. C 13-04916 WHA), at *5 ("a declaration that Taylor 'should be entitled to review' documents relied upon by [Defendants] . . . is not enough to satisfy Rule 56(d).")

On April 9, 2019, Plaintiff deposed a Rule 30(b)(6) witness named Donald Ritter. Meckley Decl. ¶ 4. The deposition notice did not request a person who is knowledgeable on the corporate structure of any of Zimmer Biomet Holdings, Inc. or Biomet, Inc. *Id.* At most, Plaintiff requested to depose a person who could testify to "The nature of Zimmer Biomet's business and what it sells." *Id.* However, Defendants, in their objections to Plaintiff's Rule 30(b)(6) Notice of Deposition, were crystal clear that the person designated to testify would not be able to testify with personal knowledge about specific corporate entities:

> The phrases "nature of Zimmer Biomet's business" and "it" are vague and ambiguous and undefined and overbroad in that Plaintiff has named five (5) different entities and the Topic does not identify to which entity the Topic is directed, and the "nature of [a] business" is a phrase that does not provide sufficient particularity for Defendants to prepare for any specific inquiries regarding this topic.

*Id.*

Plaintiff had ample time and opportunities to depose someone with personal knowledge of Zimmer Biomet Holdings, Inc. and/or Biomet, Inc. He has not done so and his Rule 56(d) Motion does not argue otherwise.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

9

OPPOSITION TO MOTION PURSUANT TO FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Continue the Hearing on Defendants' Motion for Summary Judgment; and order all further relief in favor of Defendants that the Court finds appropriate.

Dated: September 30, 2019                    MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Eric Meckley*
       Eric Meckley
       Jason P. Brown
       Joseph Lewis

   Attorneys for Defendants

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37361938.1

10

OPPOSITION TO MOTION PURSUANT TO
FRCP 56(d)
CASE NO. 3:18-CV-04176-WHA