LOHR RIPAMONTI & SEGARICH LLP
Jason Lohr (CA SBN 262267)
Alec Segarich (CA SBN 260189)
140 Geary Street, 4th Fl.
San Francisco, CA 94108
Ph: (415) 683-7266
Fax: (415) 683-7267
Email: jason.lohr@lrllp.com
Email: alec.segarich@lrllp.com

SCHERER SMITH & KENNY LLP
Denis S. Kenny (SBN 178542)
140 Geary Street, 7th Fl.
San Francisco, CA 94108
Ph: (415) 433-1099
Fax: (415) 433-9434
E-Mail: denis@sfcounsel.com

*Attorneys for Plaintiff and proposed Class Members*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KARL, on behalf of himself, and on behalf of a class of those similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER US, INC., a Delaware corporation; BIOMET U.S. RECONSTRUCTION, LLC, an Indiana limited liability company; BIOMET BIOLOGICS, LLC, an Indiana limited liability company; and BIOMET, INC., an Indiana corporation;<br><br>　　Defendants. | CASE NO.: 18-cv-04176-WHA<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF REQUEST FOR DENIAL OR CONTINUANCE OF SUMMARY JUDGMENT (FRCP 56(d))**<br><br>Date:　　　October 24, 2019<br>Time:　　　8:00 a.m.<br>Courtroom:　12<br>Judge:　　　Hon. William H. Alsup |

-i-

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................... iii

**I.   INTRODUCTION** ........................................................................................................ 1

**II.  ARGUMENT** ................................................................................................................ 1

   a.   Defendants' opposition to Rule 56(d) relief ignores their longstanding position that "merits" discovery is improper until after class certification. ............................................. 1

   b.   The recent Discovery Order illustrates the ongoing discovery disputes that warrant Rule 56(d) relief. ........................................................................................................... 2

   c.   MyFax, FAST, and complete SMS Documents show disputed facts on the issues of control and the outside sales exemption. .......................................................................... 3

   d.   Information about the Patient Matched Implant System shows disputed facts over Defendants' control. ........................................................................................................ 4

   e.   Google calendars and WhatsApp documents also evidence control. ............................ 4

   f.   Policies referenced in Plaintiff's agreement and vendor credentialing. ........................ 5

   g.   Documents about the Defendant Entities have been withheld. ..................................... 6

   h.   Discovery on Purchase Orders Are Essential in Disputing Defendants' Allegations Concerning Their Affirmative Defense that Plaintiff Was an Exempt Outside Sales Employee. ........................................................................................................................ 6

**III. Additional evidence in Defendants' possession, custody, and control that impacts Defendants' Motion for Summary Judgment.** ...................................................................... 7

**IV.  CONCLUSION** ............................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**

*Garrett v. San Francisco*, 818 F.2d 1515 (9th Cir. 1987) ............................................................... 3

*Landmark Dev. Corp. v. Chambers Corporation*, 752 F.2d 369 (9th Cir. 1985) ........................... 1

*Metablolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) ..................................................... 2

*Tatum v. City & Ctny. Of San Francisco*, 441 F.3d 1090 (9th Cir. 2006) ....................................... 2

*Trask v. Franco*, 446 F.3d 1036 (10th Cir. 2006) ........................................................................... 3

**RULES**

Fed. R. Civ. P. 56(d) ........................................................................................................................ 2

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

As detailed in Plaintiff's motion for denial or continuance of summary judgment ("Motion" or "Rule 56(d) Motion"), at 4, ECF No. 98, and supporting declaration, ECF No. 98-1 ("Kenny Decl."), this case is in the middle of discovery, and a number of key disputed facts remain to be investigated. These facts involve the relationships between Defendants, and the extent of control Defendants have over their purported "independent contractor" sales representatives like Mr. Karl. Despite this, Defendants oppose Mr. Karl's Rule 56(d) Motion by misconstruing the discovery history of this case and reversing course on their prior argument that "merits" discovery is improper until the class certification process is complete. In short, Defendants' premature attempt to obtain summary judgment should be denied now. Even if it is not, Rule 56(d) relief is appropriate to fully develop the record necessary for the Court to rule on Defendants' motion.

**II.     ARGUMENT**

    **a.  Defendants' opposition to Rule 56(d) relief ignores their longstanding position that "merits" discovery is improper until after class certification.**

The additional discovery Mr. Karl seeks to oppose summary judgment goes to the crux of the employment relationship issue in this case, and involves information that has been solely in Defendants' control to this point. Defendants impugn Mr. Karl's alleged "dilatory" conduct in not seeking discovery into the merits of these issues. But this argument directly contradicts their position throughout this case, that discovery into "merits" issues before a class is certified is improper. *See* Joint Initial Case Management Statement (ECF No. 21) at p. 7 (requesting "merits discovery be stayed until the class and collective action issues are resolved"); Def. Discovery Dispute Letter (ECF No. 84) at p. 5 ("individual agreements constitute 'merits' discovery that is unnecessary and disproportionate prior to class certification;" "SMS records … have simply no bearing on class certification and instead appear entirely related to potential merits discovery").

In this vein, Defendants cite *Landmark Dev. Corp. v. Chambers Corporation*, 752 F.2d 369, 372 (9th Cir. 1985) for a broader holding than what was decided. In *Landmark*, the parties agreed to a discovery schedule *and a schedule for summary judgment*; the nonmoving party

1  delayed in following that agreed-upon schedule. *Id.* In contrast, the parties here not agreed to a
2  schedule for summary judgment before class certification, or for discovery beyond the nonexpert
3  discovery cut-off of January 27, 2020 (ECF No. 64). There is no basis to say Mr. Karl should have
4  completed all necessary depositions according to a schedule that does not exist, as was true
5  *Landmark*. Moreover, the parties' actual schedule addresses Mr. Karl's motion for class
6  certification, not Defendants' unscheduled summary judgment motion. Defendants should not
7  benefit from summary judgment before class certification after consistently claiming Mr. Karl
8  should not be allowed to investigate the merits until after certification. In fact, Defendants' prior
9  discovery roadblocks based on "merits" discovery is precisely why Rule 56(d) relief is proper here.

10  Beyond Defendants' hypocritical opposition, allowing them to have it both ways goes
11  against the Ninth Circuit's instruction that Rule 56(d) relief should be freely granted. Specifically,
12  "although Rule 56([d]) facially gives judges the discretion to disallow discovery when the non-
13  moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated
14  the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not
15  had the opportunity to discover information that is essential to its opposition.'" *Metablolife Int'l,
16  Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Under this standard, Mr. Karl need only show
17  that specific facts established through further discovery will create or add to disputed material facts
18  at summary judgment. Fed. R. Civ. P. 56(d); *Tatum v. City & Ctny. Of San Francisco*, 441 F.3d
19  1090, 1100 (9th Cir. 2006). Mr. Karl has done so here. He has: (a) identified specific discovery
20  items essential to opposing summary judgment, (b) identified how these discovery items relate to
21  documents the Court *already* ordered Defendants to produce in its September 11, 2019 Discovery
22  Order, and (c) listed examples of facts that would be disputed should further discovery be permitted
23  on specific discovery requests. Kenny Decl. ¶¶ 4-13.

24        **b. The recent Discovery Order illustrates the ongoing discovery disputes that
25           warrant Rule 56(d) relief.**

26  Defendants further misconstrue the parties' recent discovery dispute over eight requests
27  for production of documents, which focused on what Plaintiff needed for the next scheduled
28  litigation milestone, his motion to certify his proposed class in California. *See* Letter Brief, at 1-3,

1  ECF No. 80; Meckley Decl., Exh. A, ECF No. 103-1. Part of this Court's resulting order about
2  that dispute included Defendants' production of "detailed information about work schedules,
3  calendar, and hours worked" for Mr. Karl personally. Disc. Hr'g Tr. 30:1-14, 33:8-14, attached as
4  Exh. A to Kenny Reply Decl. ¶ 3. It also involved production of corporate organizational records.
5  Disc. Hr'g Tr. 29:12-18. Although the Court ordered these documents to be produced to support
6  Mr. Karl's certification motion, as detailed below, they also reveal facts relating to Mr. Karl's
7  demonstration of disputed facts about the nature of his employment relationship and whether all
8  of the entity defendants are his joint employers. None of these documents have been produced. *See*
9  Kenny Reply Decl. ¶¶ 3–4. These facts, i.e., Defendants' sole control of documents subject to a
10 pending discovery dispute, warrant granting Rule 56(d) relief alone. *See Garrett v. San Francisco*,
11 818 F.2d 1515, 1518-19 (9th Cir. 1987) (pending discovery motion satisfied Rule 56(d)); *Trask v.*
12 *Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) ("We have noted that a summary judgment movant's
13 exclusive control of information 'is a factor favoring relief under Rule 56([d].'") Similarly,
14 Defendants argue that the Court's recent Discovery Order was supposed to "resolve *all* of
15 Plaintiff's issues with Defendants' document production," Opp. at 3:6–10. In the next breath they
16 assert the Discovery Order has nothing to do with Mr. Karl. *See* Opp. at 4:11-24. In fact, the
17 Discovery Order was limited, and left the remainder of the parties' disputes for further meet-and-
18 confer. And pertinent here, the Discovery Order requires production of documents relevant to
19 Plaintiff's individual claims, and did not exhaustively address the deficiencies in Defendants'
20 remaining discovery responses. So, as a baseline matter, Rule 56(d) relief is appropriate at a
21 minimum until Defendants comply with the Discovery Order already in place.

22               **c.   MyFax, FAST, and complete SMS Documents show disputed facts on the**
23                     **issues of control and the outside sales exemption.**

24       As an example, Defendants put a gloss on MyFax, FAST, and SMS records that
25 shortchanges the importance of these "control" tools applied to Plaintiff and other sales
26 representatives. Mr. Karl alleges these systems are tools that Defendants *required* him to use to
27 enter information about surgeries, demonstrating the amount of control that Defendants exercised.
28 Mot. at 6:15-24. So, evidence relating to MyFax, FAST, and SMS bears directly on Defendants'

purported undisputed fact that "Plaintiff did not have to prepare and submit logs or reports of any sales calls to Zimmer Biomet and did not have to update Zimmer Biomet about whether or when he called upon doctors." Mr. Karl also contends the records simultaneously show the frequency and types of daily activities he does which will defeat the outside sales exemption.

### d. Information about the Patient Matched Implant System shows disputed facts over Defendants' control.

Similarly, Defendants require Plaintiff to use the PMI platform to communicate, plan, design, order, deliver, and schedule procedures and products. Pl.'s Opp. to Mot. Summ. J., at 7:3–17, ECF No. 97. Defendants describe PMI, without evidentiary citation, as a tool that does not contain a calendar, schedule, or hours worked. Opp. at 5:17–28. Defendants' argument again misses the mark for why Plaintiff seeks information regarding scheduling and calendaring tools like PMI. PMI-related information will show the amount of control that Defendants exercised over Plaintiff and the integral nature of Plaintiff's services to Defendants' core business. Kenny Decl. ¶¶ 10–11. Information regarding PMI further undermines Defendants' alleged undisputed fact that "Plaintiff directly communicated with surgeons on scheduling without input or influence from Zimmer Biomet," Defs.' Mot. Summ. J., ECF No. 85, at 5:14–16. *See also* Kenny Dec. ¶11.

### e. Google calendars and WhatsApp documents also evidence control.

Again without evidentiary citation, Defendants contend they do not require Plaintiff to use Google Documents/Calendars or WhatsApp as part of his job. Opp. at 6:10-7:5. The only evidence of this fact is Mr. Karl's testimony that he does not know whether his Territory General Manager, Don Quigley, had access to his sales team's WhatsApp account. Plaintiff also testified that Ops Manager John Moodie, an employee of Defendants, had access to the WhatsApp account. Pl.'s Opp. To Mot. Summ J., at 7:3-17 (citing Karl. Depo. 224:20–25:5). Simply stated, Defendants' arguments are at odds with Plaintiff's deposition testimony, and are best evaluated using documents that have already been ordered to be produced. To the extent Defendants imply Mr.

Karl could have deposed Mr. Quigley, his hypothetical testimony did not become relevant until Defendants' motion for summary judgment.[1]

### f. Policies referenced in Plaintiff's agreement and vendor credentialing.

Next, a number of policies relating to Plaintiff's Sales Associate Agreement have not been produced. These policies would yield information needed to dispute Defendants' arguments concerning whether Defendants "controlled" Plaintiff. Kenny Decl. ¶¶ 12–13. For example, Defendants' position regarding the Non-Employee Travel Policy and Code of Conduct Handbook raises serious questions concerning their compliance with this Court's Standing Order, ¶ 15 ("[D]ocument requests under FRCP 34 …, if properly framed, obligate responding parties to produce and to answer as to all responsive documents or information, adverse or not. This distinction is clear-cut and fundamental, yet deserves to be said because the imagination of some counsel never sleeps in inventing ways to hide adverse evidence.").

Plaintiff asserts that the Non-Employee Travel Policy and Code of Conduct Handbook fall within the ambit of RFPD No. 3 (one of the requests so ordered in the Discovery Order), Decl. Kenny Decl. ¶ 13, based on language in Plaintiff's Sales Associate Agreement, ECF No. 14-2 ("SAA"). Specifically, SAA ¶ 13(b) refers to the requirement that Plaintiff "shall … comply with the requirements of the Company's then-current Code of Conduct" and Exhibit B to the SAA refers to certain travel deductions, so Plaintiff, rightly or wrongly, assumed that such a policy would be part of any forthcoming document production in compliance with the Discovery Order. Nevertheless, it is now evident from Defendants' Opposition that this evidence has been withheld. In fact, if anything is evident, Plaintiff will need to engage in further meet-and-confer and possibly request the Court's intervention in another discovery dispute to obtain these two documents and other related policies demonstrating control.

On the issue of vendor credentialing, Defendants assert that they "produced several vendor credentialing documents including a Vendor Credentialing Fact Sheet." Opp. at 7:8–10. But Defendants do not say that they have produced *all* responsive documents regarding vendor

---

[1] Notably absent from Defendants' summary judgment filings is a declaration from Mr. Quigley himself, who could have directly answered this issue were it truly not in dispute.

credentialing. Because, they have not. As a prime example, as noted in Plaintiff's declaration in support of his opposition to motion for summary judgment, Defendants' vendor credentialing department sent him and other sales representatives an email regarding the mandated completion of "Vendormate Vendor Credentialing" (Karl. Decl. ¶ 25, Exh. H, ECF No. 97-2), but no such document was produced by Defendants. This document was authored by a custodian Defendants identified as a source of responsive documents, Terri Greenwald, and was directly responsive to pending discovery, but not produced. Kenny Reply Decl. ¶4. For Defendants to say they have produced vendor credentialing documents, but withheld this obviously responsive vendor credentialing message (which Mr. Karl located in his own production) reveals the need for further discovery into the purported undisputed material facts in Defendant's motion for summary judgment claiming trainings are voluntary except for trainings required by law.

### g. Documents about the Defendant Entities have been withheld.

As is evident by the need for Plaintiff to seek the Court's intervention in obtaining organizational charts concerning the named Defendants, including Zimmer Biomet Holdings, Inc. ("ZBH"), and Biomet, Inc. ("Biomet"), Disc. Hr'g Tr. 29:12–18, Defendants have been less than transparent on information regarding ZBH and Biomet. Notably, Defendants have relied on Donald Ritter's sworn declaration in support of their motion for summary judgment concerning the liability claims specific to ZBH and Biomet, but Mr. Ritter is neither a ZBH nor a Biomet employee. Yet, Mr. Ritter's declaration describes the structure, involvement, or control of ZBH or Biomet on Plaintiff or the other defendant affiliates in this lawsuit. *See* Kenny Decl. ¶ 15. What is especially confounding is that Mr. Ritter (who was deposed as a FRCP 30(b)(6) witness regarding the corporate organizational matters) provided a contradictory declaration stating that ZBH and Biomet are controlled by or are in common control with the other named Defendants in this matter. ECF No. 14-1, ¶ 7. It is these contradictions that warrant further discovery concerning the propriety of leaving ZBH and Biomet in this lawsuit as co-Defendants.

### h. Discovery on Purchase Orders Are Essential in Disputing Defendants' Allegations Concerning Their Affirmative Defense that Plaintiff Was an Exempt Outside Sales Employee

1    Last, without evidentiary citation, Defendants argue that purchase orders would not be
2    relevant to the outside sales exemption, despite Plaintiff's contention that such documents reveal
3    that a sale is complete before Mr. Karl's primary, nonexempt duties of case/surgery coverage
4    occur. *Compare* Opp. at 8:19–9:3 *with* Kenny Decl. ¶ 14. First, Rule 56(d) does not require that
5    Plaintiff demonstrate he diligently pursued the purchase orders. Rather "[i]f a nonmovant shows
6    by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its
7    opposition, the court may: … allow time to obtain affidavits or declarations *or to take discovery*."
8    Fed. R. Civ. P. 56(d)(2) (emphasis added). The Motion and supporting declaration(s) demonstrate
9    why discovery concerning purchase orders is an appropriate remedy here. Second, Defendants'
10   unsupported portrayal of purchase orders as being irrelevant to the exemption/nonexemption
11   analysis demonstrate why further discovery is needed here to determine whether Plaintiff's case-
12   coverage / "solution-selling" is or is not a sales-type of duty subject to the outside sales exemption.

**III.   Additional evidence in Defendants' possession, custody, and control that impacts Defendants' Motion for Summary Judgment.**

In addition to the above, while the FLSA opt-in and California class certification process continues to march forward, Plaintiff has come to discover additional responsive documents in Defendants' possession, custody, or control that warrant Rule 56(d) relief for additional discovery:

- Defendants contend that the Zimmer Biomet did not host, control, own, or even access the domain "zbbayarea.com" that it provided Plaintiff. Defs.' Mot. Summ. J., at 7:10–16. However, an April 28, 2016 email from Zimmer Biomet's Larry L. Fowler (Territory Operations Manager) to Plaintiff and other sales representatives indicates that, at least until approximate April 2016, Plaintiff (and other sales representatives) were, in fact, assigned a Zimmer Biomet-controlled email domain called zimmerbiomet.com, which is according to Defendants the "same email domain given to employees of Zimmer Biomet (e.g.,

@zimmerbiomet.com)."[2] *Id.* Moreover, this same email shows that Defendants required Plaintiff (and other sales representatives) to maintain mandatory credentialing:

> Folks, [¶] As we are going live with new email domain, you will need to change your email addresses with all 3rd party credentialing companies…ie..(VendorMate, Symplr, ReTrax, Parallon). Attached are instructions to assist you in changing your email addresses with these companies to the new ones adopted by our territory. Please let me know if you have any questions.

Reply Karl Decl. ¶ 3, Exh. A.

- On September 22, 2019, Plaintiff received an email from iLearn@zimmerbiomet regarding his need to complete a course titled *CORPN – Cyber Security Awareness – Human Firewall* by October 31, 2019, which is a course unrelated to federal regulatory requirements. Reply Karl Decl. ¶ 4, Exh. B.

The existence of these, and likely other, documents, which were not produced by Defendants nor referenced in their motion for summary judgment, militate toward the Court granting Rule 56(d) relief for additional discovery before deciding Defendants' motion for summary judgment.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court grant him relief under Rule 56(d) by denying Defendants' motion for summary judgment in the alternative, or by deferring its decision on such motion until the parties have competed all discovery related to the claims.

Dated: October 3, 2019

Respectfully submitted,
SCHERER SMITH & KENNY LLP

/s/ Denis S. Kenny

———————————————

Denis S. Kenny
*Attorneys for Plaintiff JAMES KARL and the proposed classes*

---

[2] See, for example, Jordan Kato, who provided a declaration in support of Plaintiff's motion for conditional class certification, ECF No. 53-5, has a Zimmer Biomet email address of Jordan.Kato@zimmerbiomet.com.