

140 Geary Street, 4F
San Francisco, CA 94108
(415) 683-7266
www.lrllp.com

**Alec Segarich**
(415) 683-7945 (direct)
alec.segarich@lrllp.com

October 24, 2019

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 12 – 19th floor
450 Golden Gate Ave
San Francisco, CA 94102

Re: *Response to Order Setting Discovery Hearing (ECF No. 115) re: Defendants' Discovery Letter Brief (ECF No. 114)*

Dear Judge Alsup:

Pursuant to this Court's October 23, 2019 Order, Plaintiff James Karl submits this response to Defendants' letter brief regarding depositions of five putative class members.

In short, Defendants seek relief for problems that have not yet arisen. Zimmer has neither noticed depositions nor subpoenaed any of the individuals identified in their letter. Despite their representations, and as is made clear in the meet and confer correspondence Defendants enclosed, Mr. Karl has never "refused" to allow those depositions to proceed. Indeed, there has been nothing to which Mr. Karl could have objected. However, Mr. Karl does have legitimate concerns about the process and substance of these depositions with Defendants, which are as follows.

**Depositions of Aaron Baker and Jordan Kato**

Messrs. Baker and Kato are putative Rule 23 Class Members, and submitted declarations in support of Mr. Karl's motion for conditional FLSA certification. Mr. Karl also identified them in his initial disclosures as potential witnesses because they worked in the same territory as he did. Recently, Defendants asked if Mr. Karl's counsel represented them, so they could send deposition notices to counsel rather than serving subpoenas. ECF No. 114 at p.5. Plaintiff's counsel responded that they did not represent either person. Therefore, Mr. Karl's counsel cannot accept deposition notices on Mr. Baker and Mr. Kato's behalf, because they are not clients. For the same reason, Mr. Karl cannot "prevent" Defendants from deposing them, no matter the means of service (though Mr. Karl does reserve the right to raise objections or seek relief as appropriate).

Hon. William H. Alsup
October 24, 2019
P a g e | 2

Counsel also explained that both are members of the FLSA collective. But, because Defendants erroneously omitted them from the list of persons to receive notice under the FLSA, neither has received notice nor had the opportunity to opt in or out of the FLSA action. *See* ECF No. 105, 110, 112. Although they will presumably receive notice when Defendant sends the recently ordered corrective notice; if Defendants serve deposition subpoenas as well, the notices will merely present them a Hobson's choice: they will be deposed regardless of whether they opt in or out, defeating a fundamental purpose of the notice.

Messrs. Baker and Kato should have the opportunity to decide whether to join the collective or not free from the concern of being under subpoena. That they did not have the opportunity to make this decision free from the coercive effect of a looming deposition is solely because of Defendants' error in compiling the FLSA notice list. And given that notice is still ongoing and pending for many other FLSA collective members, the chilling effect of subpoenas being served on members who have not even received notice is fairly obvious.

Further, Defendants' choice not to seek their depositions earlier (for example, contemporaneously with their opposition to conditional FLSA certification, when the declarations were filed) does not manufacture an immediate need for those depositions now. And as a practical matter, once Mr. Baker and Mr. Kato make a choice, Defendants will know whether they must serve subpoenas or whether they may issue deposition notices to Plaintiff's counsel.

Thus, Mr. Karl's position is that the proper course is to let Mr. Baker and Mr. Kato receive notice of the FLSA action, make their decisions, and proceed accordingly thereafter.

**Depositions of Messrs. Michaelis, Senne, and Pamlona**

Unlike Mr. Baker and Mr. Kato, these sales associates opted into the FLSA claim. But, none of them have submitted declarations in this case, Mr. Karl has not identified any of them as potential witnesses in his initial disclosures, and they have not otherwise "injected" themselves into the litigation, other than opting in. *See Brown v. Wal-Mart Store, Inc.*, No. 09-cv-03339-EJD (SVK), 2018 U.S. Dist. LEXIS 4027, at *3 (N.D. Cal. Jan. 9, 2018).

Therefore, with respect to Mr. Karl's state law claims and pending Rule 23 motion these three are no different from any other absent class member. Therefore, Mr. Karl's position is that Defendants' attempt to blur their status as FLSA opt in members and putative Rule 23 class members is improper. Defendants make no offering as to why these three witnesses have relevant information as to the state law claims, whether any such information is available from other sources, and why they cannot obtain discovery from them in a less burdensome manner,

Hon. William H. Alsup
October 24, 2019
P a g e | 3

such as written discovery. *See Brown*, *supra* at *3 (stating the usual factors required to justify discovery of absentee class members include: (1) whether the information sought is relevant; (2) whether the information is not readily obtainable from the representative parties or other sources; and (3) whether the request is not unduly burdensome and made in good faith).

With that said, Mr. Karl understands the Court may authorize the depositions of these three about the FLSA overtime claim and collective action after the notice period concludes, Defendants state they also currently seek discovery from these three to oppose certification of Mr. Karl's state law claims, which is unsupported by the normal requirements for discovery from absent class members. Should any of the three submit declarations in support of class certification, Mr. Karl would not oppose their depositions, but he has not sought, and they have not offered, such declarations, as of this letter's filing.

Further, as with Mr. Baker and Mr. Kato, Mr. Karl believes that it is improper to commence discovery into these three FLSA collective members while the notice period is still pending, given the risk of a chilling effect. And as Defendants concede, one of the factors for assessing the reasonableness of discovery of FLSA collective members is the ratio of deposed members to the size of the collective. *Wellens v. Daiichi Sankyo Inc*, No. C-13-00581-WHO (DMR), 2014 WL 7385990, at *2 (N.D. Cal. Dec. 29, 2014) (allowing depositions of approximately 10% of collective). Here, Defendants seek depositions of 5 of the 23 current collective members (about 22%), but that number may well change once all members actually receive notice.

Thus, Mr. Karl believes that depositions of these three people are improper now; and separately to the extent Defendants seek their testimony about non-FLSA issues before there are facts supporting that discovery, and before pursuing less obtrusive means of discovery from these class members.

Sincerely,
/s/ Alec L. Segarich

Alec Segarich
Lohr Ripamonti & Segarich LLP