# Morgan Lewis

**Joseph Lewis**
+1.415.442.1431
joseph.lewis@morganlewis.com

June 22, 2020

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 8 – 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Karl v. Zimmer Biomet Holdings, Inc. et al.,* Case No. C 18-04176 WHA
      Defendants' Response to Plaintiff's Discovery Dispute Letter (Dkt. 161)

Plaintiff has submitted a discovery dispute letter only 3 days before his Class Certification Reply brief is due seeking (1) a discovery hearing and continuance of his briefing deadline, and/or (2) permission to file additional evidence on Reply. The Court should deny each of Plaintiff's requests.  As explained below, Plaintiff did not timely seek the sought-after emails for the "List of 12", the emails are neither relevant or necessary to resolve the Class Certification Motion, and submitting any such evidence on Reply would be unfair and unjustified.

First, Plaintiff argues that the Court ordered Defendants to produce emails during a prior discovery hearing in September 2019.  That is simply not true.  After lengthy argument from the parties during the hearing about whether emails should be produced, the Court limited its Order and required Defendants to produce only "detailed information about work schedules, calendars, and hours worked," not emails.

Second, even if Plaintiff actually believed that the Court had ordered Defendants to produced emails in September 2019, Plaintiff admits he waited nearly *six months*, until March 2020, before he raised the issue with Defendants.  At that time, Defendants promptly informed Plaintiff that they disagreed with his interpretation of the Court's September 2019 Order and already had produced all responsive documents.  Despite this unambiguous response from Defendants, Plaintiff *did nothing further for another six weeks*.  At that point, rather than bring any supposed dispute to the Court's attention, Plaintiff served a Second Set of Requests for Production of Documents that for the first time actually requested production of "emails, texts, other correspondence, or communications" between Defendants and the List of 12, which begs the obvious question of why would Plaintiff serve RFPs seeking emails if the Court had already ordered Defendants to produce emails?  Moreover, Plaintiff served these new RFPs on April 9, 2020, *two weeks before his deadline to file the Motion for Class Certification*.  Clearly, if Plaintiff believed emails between Zimmer Biomet and the List of 12 were necessary or relevant to resolving the question of class certification, Plaintiff would not have waited until two weeks before his Motion was due before requesting such documents (or, at a minimum, would have sought an extension of the deadline to file his Motion).

Third, the sought-after documents are not relevant or necessary to class certification, because emails from the List of 12 represent less than 5% of the putative class, constitute individualized merits discovery, and thus are not a legitimate basis for continuing Plaintiff's Reply deadline because they do not

**Morgan, Lewis & Bockius** LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596    ☏ +1.415.442.1000
United States                    🖷 +1.415.442.1001

DB2/ 39157799.1

Hon. William H. Alsup
June 22, 2020
Page 2

relate to Plaintiff's burden – *i.e.*, proving that all putative class members "have *all suffered* a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011) (emphasis added).

Finally, the sought-after emails would not be admissible on Reply because Plaintiff could have/should have presented all evidence in his Motion and the emails are not necessary to respond to any issues raised in Defendants' Opposition. Allowing such evidence on Reply would be patently unfair. "Reply papers should not raise new points that could have been addressed in the opening." Court Supp. Order ¶ 10; *see also Fields v. Wise Media LLC,* 2013 WL 12174296, at *5 (N.D. Cal., Jan. 25, 2013, No. C 12-05160 WHA) (reply should not add new material that should have been included in the opening report).

1. **The Procedural History Shows Plaintiff Failed Timely To Propound Discovery Requests In Advance Of His Motion for Class Certification**

- **December 20, 2018:** Plaintiff propounded Requests for Production ("RFP"), Set One.

- **August 26, 2019:** Plaintiff filed a discovery dispute letter regarding Defendants' responses to Plaintiff's RFP's, Set One, stating in part:

    "Plaintiff, by means of this letter, seeks an order requiring the production of documents responsive to his Request for Production of Document, Set One, Requests 1-2 (*class member information*), 3 (*sales associate agreements*), 4-5 (*organizational information*), 15-16 (*hours worked*), and 19 (*calendars and work schedules*)." Dkt. 80. (Emphasis added).

Thus, while Plaintiff raised several issues regarding Defendants' responses to the RFP's, he did *not* raise assert any issue regarding email communications between putative class members and Zimmer Biomet.

- **September 11, 2019**: At the discovery hearing on the dispute initiated as above, Plaintiff's counsel orally for the first time requested documents not addressed in his discovery dispute letter, including "text and e-mail correspondence by and between the representatives of Zimmer." In response, the Court echoed the relief sought in Plaintiff's discovery letter regarding RFP Nos. 15, 16, and 19, *none of which requested emails.*[1] The Court stated at the hearing:

    "[Plaintiff] give the names of 12 people, plaintiffs' counsel gives defense counsel the names of 12 people for whom you want this detailed information about *work schedules, calendar, and hours worked*. And then they will turn over that 12." Discovery Dispute Hearing, Sept. 11, 2019. (Emphasis added).

- **November 1, 2019:** Defendants produced the "detailed information about work schedules, calendar, and hours worked" about the List of 12 in their possession, custody, or control.

- **February 20, 2020**: the Court set April 23, 2020 as Plaintiff's deadline to file his Motion for Class Certification. Dkt. 136. At that point, Plaintiff had *more than two months* to conduct additional discovery regarding the List of 12 before filing his Motion. For the next two weeks, Plaintiff said nothing about any supposed deficiencies in Defendants' document production.

- **March 4, 2020**: Plaintiff stated *for the first time* that Plaintiff interpreted the Court's Order re: "detailed information about work schedules, calendar, and hours worked" to include email data.

---

[1] *See* relevant excerpts of Defendants' Amended Responses to Plaintiff's RFP's, Set One, **Ex A.**

Hon. William H. Alsup
June 22, 2020
Page 3

- **March 12, 2020**: Defendants responded to Plaintiff's inquiry, stating in pertinent part:

  "The Court did not order Defendants to produce anything beyond what Defendants already have provided. Your March 4 email contends that Defendants have not produced all responsive documents because Defendants have not produced emails between the list of 12 and Defendants. However, the Court did not order Defendants to produce such email correspondence. Plaintiff already sought to compel these DOCUMENTS and the Court explicitly ordered that Defendants were to produce only work schedules, calendars, and hours worked. Defendants complied with the Court's Order and nothing more is due."

At that point, Plaintiff had nearly six weeks before the deadline to file his Motion for Class Certification.

- **April 9, 2020**: Four weeks after Defendants stated their position that nothing further was due, and only two weeks before his Motion for Class Certification filing deadline, Plaintiff propounded his RFP, Set Two, which for the first time requested Defendants to produce email correspondence. At no time did Plaintiff ask Defendants to stipulate to continue the Motion filing deadline to allow responses to Plaintiff's RFP's, Set Two. This chronology clearly shows that Plaintiff did *not* believe that any emails sought by his RFP's, Set Two were relevant or necessary to his Motion for Class Certification.

- **May 18, 2020**: Defendants objected to RFP Nos. 57 and 58, but stated that they "were willing to meet and confer with Plaintiff about sharing the cost of collecting, maintaining/hosting, and searching for emails with Plaintiff and focusing/narrowing the scope of the email search through the use of specifically identified and agreed upon search terms." For the next three weeks, Plaintiff said nothing about needing further responses and refused to provide any search terms whatsoever.

- **June 9, 2020**: Plaintiff oddly accused Defendants of "withhold[ing] discovery needed for Plaintiff's motion for class certification," ignoring the fact that Plaintiff had filed his Motion a month and a half earlier on April 23. Frustratingly, Plaintiff refused to address Defendants' invitation to meet-and-confer on search terms and ESI guidelines. Plaintiff also refused to acknowledge his utter lack of diligence in pursuing discovery supposedly necessary for his Motion, or the fact that he served the RFP's only two weeks before the Motion was due.

Defendants have not stonewalled Plaintiff; rather, Plaintiff failed to act reasonably and diligently by not raising any issue with Court and/or propounding specific RFPs in time for his Class Certification Motion.

### 2. Emails from 12 Persons Are Irrelevant to Rule 23 Factors and Inadmissible on Reply

Plaintiff's purported "need" to review emails from 12 individual putative class members (approx. 5% of the class) is not grounds for continuing his Reply deadline, because this individualized discovery has no bearing on any of the Rule 23 factors, nor is it necessary to respond to any issues raised in Defendant's Opposition. Any emails to and from these 12 sales reps cannot possibly pertain to supposed "unanticipated" issues raised in the Opposition because Defendants did not submit any "new evidence" from these 12 sales reps. Rather, Defendants submitted a single declaration from one individual on the List of 12, Sean Ewing, but *Plaintiff has had Mr. Ewing's declaration since May 16, 2019* because Defendants filed it along with their Opposition to FLSA Conditional Certification. Thus, any evidence should have been adduced in Plaintiff's opening Motion and is inadmissible on Reply. *See* Supp. Order, ¶ 10; *see also Fields*, at *5.

Dated:  June 22, 2020                         /s/ Joseph R. Lewis
                                              Morgan Lewis & Bockius LLP
                                              Attorneys for Defendants

EXHIBIT A

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Kathryn Nazarian, Bar No. 259392
kate.nazarian@morganlewis.com
Joseph Lewis, Bar No. 316770
joseph.lewis@morganlewis.com
One Market, Spear Street Tower
San Francisco, California  94105-1596
Telephone:  +1.415.442.1000
Facsimile:   +1.415.442.1001

Attorneys for Defendants
ZIMMER BIOMET HOLDINGS, INC.;
ZIMMER US, INC.;
BIOMET U.S. RECONSTRUCTION, LLC;
BIOMET BIOLOGICS, LLC; and BIOMET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KARL, on behalf of himself, and on behalf of a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER US, INC., a Delaware corporation; BIOMET U.S. RECONSTRUCTION, LLC, an Indiana limited liability company; BIOMET BIOLOGICS, LLC, an Indiana limited liability company; and BIOMET, INC., an Indiana corporation,<br><br>Defendants. | Case No. 3:18-cv-04176-WHA<br><br>**DEFENDANTS' AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

DEFS.' AMENDED RESP. TO PLF.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 3:18-cv-04176-WHA

**REQUEST FOR PRODUCTION NO. 15:**

Any record of the amount of time worked by Class or Collective Members during the relevant period, including records maintained by Defendant, Defendant's human resources department, managers, information technology department, Class or Collective Members themselves (including hours surveys), other employees of Defendant, third parties through billing systems, or through any telephonic or manual time-keeping systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this Request on the grounds that the terms "Class or Collective Member(s)" for the reasons described in General Objections section 12(a), "employees" for the reasons described in General Objections section 12(c), "Defendant(s)" for the reasons described in General Objections section 12(d), "work(ed)" for the reasons described in General Objections section 12(h), "hours surveys," "billing systems," and "time-keeping systems" are overbroad, vague, and ambiguous. Defendants further object to this request as compound. Defendants further object to this Request on the grounds that this request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses at this stage in the litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy. Thus, Defendants object to this Request on the grounds that, at this stage in the litigation, the Court has not certified a class or collective action in this matter and Plaintiff lacks standing to represent individuals who Plaintiff refers to as a "Class" or "Collective Member(s)." Defendants further object to this Request to the extent that it seeks information related to individual members of a putative class or collective action, but where no class or collective action has been adequately identified or certified, and collective action-based discovery is inappropriate and premature, see General Objections section 4. Defendants further object to this Request on the grounds that it is premature, overly broad as to scope, disproportionate to the needs of the case under the Federal Rules, and unduly burdensome and oppressive and harassing to the extent it seeks discovery concerning individuals other than the named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds for class certification exist or have been demonstrated, and individuals other than Plaintiff are not

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

31

DEFS.' AMENDED RESP. TO PLF.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 3:18-cv-04176-WHA

otherwise a party to or participants in this action. Discovery related to the sought-after information should be phased and proceed only after a ruling on class certification and/or after a ruling on conditional certification to the extent that collective action members have opted into the action. This request is overbroad as it places no limitation on relevant time frame despite the subject matter of this litigation occurring from October 25, 2014, for putative class action members and, at the earliest, from October 25, 2015, for putative collective action members. Defendants have therefore limited their search accordingly. Defendants further object to this Request to the extent that it seeks information in which individuals and/or entities have a legitimate expectation or right of privacy or confidentiality under California law (including Article I, Section 1 of the California Constitution), and any other constitutional, statutory, or common law right of privacy. Defendants further object to this Request to the extent it calls for disclosure of proprietary and/or confidential information, including, but not limited to, commercial, financial, or other trade secret information.

Based on the foregoing objections, documents have been withheld by the limits that have controlled the search for responsive and relevant materials, as Defendants have not searched for every possible telephone record, sign in sheet, email, purchase order, memorandum, or correspondence that might "relate to" the time any putative class or collective action member performed "work."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants did not require independent contractor sales representatives/sales associates to enter their time in any centralized timekeeping system and therefore did not maintain "time records" for these non-employees.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that refer or relate to Defendant's policies, practices, and guidelines for tracking and/or keeping records of hours worked or overtime hours worked by Class or Collective Members during the relevant period.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

32

DEFS.' AMENDED RESP. TO PLF.'S FIRST
REQUEST FOR PRODUCTION OF
DOCUMENTS
Case No. 3:18-cv-04176-WHA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request on the grounds that the phrases, "Class or Collective Member(s)" for the reasons described in General Objections section 12(a), "Defendant(s)" for the reasons described in General Objections section 12(d), "policies," for the reasons described in General Objections section 12(e), "refer or relate to" for the reasons described in General Objections section 12(f), "work(ed)" for the reasons described in General Objections section 12(h), "relevant period," "practices," "guidelines," are overbroad, vague, and ambiguous. Defendants further object to this request as compound. Defendants further object to this Request on the grounds that, at this stage in the litigation, the Court has not certified a class or collective action in this matter and Plaintiff lacks standing to represent individuals who Plaintiff refers to as a "Class" or "Collective Member(s)." Defendants further object to this Request to the extent that it seeks information related to individual members of a putative class or collective action, but where no class or collective action has been adequately identified or certified, and collective action-based discovery is inappropriate and premature, see General Objections section 4. Defendants further object to this Request on the grounds that it is premature, overly broad as to scope, disproportionate to the needs of the case under the Federal Rules, and unduly burdensome and oppressive and harassing to the extent it seeks discovery concerning individuals other than the named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds for class certification exist or have been demonstrated, and individuals other than Plaintiff are not otherwise a party to or participants in this action. Discovery related to the sought-after information should be phased and proceed only after a ruling on class certification and/or after a ruling on conditional certification to the extent that collective action members have opted into the action. Defendants further object to this Request to the extent it calls for disclosure of proprietary and/or confidential information, including, but not limited to, commercial, financial, or other trade secret information.

Based on the foregoing objections, documents have been withheld by the limits that have controlled the search for responsive and relevant materials, as Defendants have not searched for "policies, practices, and guidelines," oral, written or otherwise, as they relate to tracking time for

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

33

DEFS.' AMENDED RESP. TO PLF.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 3:18-cv-04176-WHA

1  putative class or collective action members, other than Plaintiff, nor have Defendants searched for

2  every possible telephone record, sign in sheet, email, purchase order, memorandum, or

3  correspondence that might "relate to" the time any putative class or collective action member

4  performed "work."

5      Subject to and without waiving the foregoing objections, Defendants respond as follows:

6  Defendants did not require independent contractor sales representatives/sales associates to enter

7  their time in any centralized timekeeping system and therefore did not maintain "time records"

8  for these non-employees.

34

DEFS.' AMENDED RESP. TO PLF.'S FIRST
REQUEST FOR PRODUCTION OF
DOCUMENTS
Case No. 3:18-cv-04176-WHA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

**REQUEST FOR PRODUCTION NO. 19:**

All documents that refer or relate to work schedules or calendars for any Class or Collective Member during the relevant period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to this Request on the grounds that the phrases, "Class or Collective Member(s)" for the reasons described in General Objections section 12(a), "refer or relate to" for the reasons described in General Objections section 12(f), "work(ed)" for the reasons described in General Objections section 12(h), "calendars," and "relevant period," are overbroad, vague, and ambiguous. Defendants further object to this request as compound. Defendants further object to this Request on the grounds that, at this stage in the litigation, the Court has not certified a class or collective action in this matter and Plaintiff lacks standing to represent individuals who Plaintiff refers to as a "Class" or "Collective Member(s)." Defendants further object to this Request to the extent that it seeks information related to individual members of a putative class or collective action, but where no class or collective action has been adequately identified or certified, and collective action-based discovery is inappropriate and premature, *see* General Objections section 4. Defendants further object to this Request on the grounds that it is premature, overly broad as to scope, disproportionate to the needs of the case under the Federal Rules, and unduly burdensome and oppressive and harassing to the extent it seeks discovery concerning individuals other than the named Plaintiff when this matter has not been certified as a class action, no *prima facie* grounds for class certification exist or have been demonstrated, and individuals other than Plaintiff are not otherwise a party to or participants in this action. Discovery related to the sought-after information should be phased and proceed only after a ruling on class certification and/or after a ruling on conditional certification to the extent that collective action members have opted into the action. Defendants further object to this Request to the extent that it seeks information in which individuals and/or entities have a legitimate

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

37

DEFS.' AMENDED RESP. TO PLF.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 3:18-cv-04176-WHA

expectation or right of privacy or confidentiality under California law (including Article I, Section 1 of the California Constitution), and any other constitutional, statutory, or common law right of privacy.  Defendants further object to this Request to the extent it calls for disclosure of proprietary and/or confidential information, including, but not limited to, commercial, financial, or other trade secret information.

Based on the foregoing objections, documents have been withheld by the limits that have controlled the search for responsive and relevant materials, as Defendants have not searched for every document or correspondence from an unlimited number of senders or recipients that could relate to any putative class or collective action member's "work schedule" or "calendar."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce the list of cases from SMS that Plaintiff boarded since February 28, 2017 through February 13, 2019, correspondence relating to Plaintiff's inclusion/exclusion on Zimmer Bay Area Team Golden Gate, correspondence regarding the services Plaintiff performed produced by Plaintiff's Territory General Manager.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

38

DEFS.' AMENDED RESP. TO PLF.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 3:18-cv-04176-WHA

| | |
|---|---|
| Dated:  March 22, 2019 | MORGAN, LEWIS & BOCKIUS LLP |
| | By _____ */s/ Eric Meckley*_____ |
| | Eric Meckley |
| | Joseph Lewis |
| | |
| | Attorneys for Defendants |
| | ZIMMER BIOMET HOLDINGS, INC.; |
| | ZIMMER US, INC.; |
| | BIOMET U.S. RECONSTRUCTION, LLC; |
| | BIOMET BIOLOGICS, LLC; and BIOMET, INC. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36146689.1

93

DEFS.' AMENDED RESP. TO PLF.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 3:18-cv-04176-WHA