LOHR RIPAMONTI & SEGARICH LLP
Jason Lohr (CA SBN 262267)
Roberto Ripamonti (CA SBN 259123)
140 Geary Street, 4th Fl.
San Francisco, CA 94108
Ph: (415) 683-7266
Fax: (415) 683-7267
Email: jason.lohr@lrllp.com
Email: roberto.ripamonti@lrllp.com

SCHERER SMITH & KENNY LLP
Denis S. Kenny (SBN 178542)
John B. Lough, Jr. (SBN 234782)
140 Geary Street, 7th Fl.
San Francisco, CA 94108
Ph: (415) 433-1099
Fax: (415) 433-9434
Email: denis@sfcounsel.com
Email: john@sfcounsel.com

*Attorneys for Plaintiff and Class Members*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KARL, on behalf of himself, and on behalf of a class of those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER US, INC., a Delaware corporation; BIOMET U.S. RECONSTRUCTION, LLC, an Indiana limited liability company; BIOMET BIOLOGICS, LLC, an Indiana limited liability company; and BIOMET, INC., an Indiana corporation;<br><br>    Defendants. | CASE NO.: 3:18-cv-04176-WHA<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:        January 6, 2022<br>Time:       11:00 a.m.<br>Courtroom: 12<br>Judge:      Hon. William Alsup |

-1-

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 6, 2022, at 11:00 a.m., in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William Alsup, Plaintiff James Karl, individually and on behalf of the class, will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 23, for an Order:

1.   Awarding Class Counsel's attorney's fees and costs;

2.   Reimbursing Class Counsel for actual litigation expenses; and

3.   Approving the requested settlement administration costs.

This motion is supported by the accompanying memorandum of points and authorities, the declarations of Jason Lohr, Denis Kenny, and Allison Zieve filed concurrently herewith; all records and pleadings on file with the Court; all further evidence and oral argument that may be presented at the hearing on this motion; and all other matters as the Court deems proper.

Dated: December 9, 2021

Respectfully submitted,
LOHR RIPAMONTI & SEGARICH LLP

/s/ Jason Lohr
Jason Lohr

Dated: December 9, 2021

SCHERER SMITH & KENNY LLP

/s/ Denis S. Kenny
Denis S. Kenny
*Attorneys for Plaintiff JAMES KARL and the Class*

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.   OVERVIEW OF THE LITIGATION AND FACTUAL BACKGROUND ......................... 2

   A.  The Settlement ...................................................................................................... 4

III.  ARGUMENT ................................................................................................................ 5

   A.  Class Counsel's Fee Request Is Fair, Reasonable, and Appropriate Given the Excellent
Settlement Relief ........................................................................................................ 5

     1.    Class Counsel Obtained Excellent Results for the Class ............................................ 6

     2.    In Employment Class Action Cases, Courts Often Award Greater than 25 percent of
the Common Fund .................................................................................................... 7

     3.    The Litigation Was Risky Given the Rapidly Changing Legal Landscape Governing
Worker Classification Lawsuits in California .......................................................... 8

     4.    The Settlement Provides for the Reclassification of Workers Which Will Provide
Substantial Benefits to the Class Throughout Their Employment .......................... 9

     5.    The Percentage Rate Requested Is in Line with the Northern District Benchmark
Given if the Non-Monetary Relief Is Included in the Value of the Settlement ....................... 9

     6.    Class Counsel Accepted a Substantial Financial Burden by Financing and
Prosecuting this Case ............................................................................................. 10

     7.    A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees ........ 12

   B.  Class Counsel's Rates Are Reasonable ............................................................................. 12

   C.  The Number of Hours Spent Litigating this Case Is Reasonable ...................................... 14

   D.  The Reaction of the Class Supports a Finding that the Requested Fee Award Is
Reasonable .................................................................................................................... 18

   E.  Class Counsel's Expenses Are Reasonable and Appropriate ........................................... 18

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS          CASE NO.: 3:18-cv-04176-WHA

1

IV.   CONCLUSION ................................................................................................................ 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS        CASE NO.: 3:18-cv-04176-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**

*Alvarado v. FedEx Corp.*, 2011 WL 4708133 (N.D. Cal. 2011) .................................................. 15

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015) ..................................... 11

*Brawner v. Bank of Am. Nat'l Ass'n*, 2016 WL 161295 (N.D. Cal. Jan. 14, 2016) ...................... 9

*Brinskele v. United States*, 2014 WL 4832263 (N.D. Cal. May 22, 2014)................................... 18

*Buccellato v. AT&T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055 (N.D. Cal. June
  30, 2011) ............................................................................................................................. 18

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) ................................................ 12

*Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113 (C.D. Cal. 2008) ............................... 7

*Defenbaugh v. JBC & Associates, Inc.*, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004) ............. 15

*del Toro Lopez v. Uber Techs., Inc.*, No. 4:17-cv-06255-YGR, 2018 WL 5982506 (N.D. Cal.
  Nov. 14, 2018) ..................................................................................................................... 14

*Deluca v. Farmers Ins. Exch.*, No. 3:17-cv-00034-TSH, 2020 WL 5071700 (N.D. Cal. Aug. 24,
  2020) ...................................................................................................................................... 8

*Farrar v. Hobby*, 506 U.S. 103 (1992) .......................................................................................... 5

*Flores v. TFI Int'l, Inc.*, No. 3:12-cv-05790-JST, 2019 WL 1715180 (N.D. Cal. Apr. 17, 2019) . 7

*Garcia v. Resurgent Capital Services, L.P.*, 2012 WL 3778852 (N.D. Cal. 2012) ..................... 15

*Gauchat-Hargis v. Forest River, Inc.*, 2013 WL 4828594 (E.D. Cal. Sept. 9, 2013) ................. 15

*Hernandez v. Erin Capital Mgmt., LLC*, 2011 WL 4595802 (C.D. Cal. Oct. 3, 2011)............... 15

*In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989) ................................................. 6

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)............................... 5

*In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592 (N.D. Cal. July 6, 2011) ............................... 12

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008)....................................... 10

-iii-

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 2178787 (N.D. Cal. May 17, 2017)...................................................... 6

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. 2009) ........................................... 5

*Koz v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 129205 (C.D. Cal. Sept. 10, 2013) ......................... 13

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083 (9th Cir. 2010) .......................................................................................................................................... 5

*Lema v. Comfort Inn Merced*, 2014 WL 1577042 (E.D. Cal. Apr. 17, 2014) .............................. 15

*Lota by Lota v. Home Depot U.S.A., Inc.*, 2013 WL 6870006 (N.D. Cal. Dec. 31, 2013)........... 15

*Miller v. CEVA Logistics USA, Inc.*, No. 2:13-cv-01321-TLN-CKD, 2015 WL 4730176 (E.D. Cal. Aug. 10, 2015)..................................................................................................................... 7

*Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*, No. 4:19-cv-07087-DMR, 2021 WL 4133860 (N.D. Cal. Sept. 10, 2021) ..................................................................................... 7

*Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161 (N.D. Cal. June 5, 2017) ........ 13

*Rosado v. Ebay Inc.*, No. 5:12-cv-04005-EJD, 2016 WL 3401987 (N.D. Cal. June 21, 2016) ..... 8

*Santiago v. Equable Ascent Fin.*, 2013 WL 3498079 (N.D. Cal. July 12, 2013) ......................... 15

*Sierra Club v. U.S. E.P.A.*, 625 F. Supp. 2d 863 (N.D. Cal. 2007) .............................................. 15

*Staton v. Boeing Co.*, 327 F.3d 9 (9th Cir. 2003) ................................................................... 6, 18

*Stern v. Superior Court*, 129 Cal. Rptr. 2d 275 (Cal. Ct. App. 2003) .......................................... 7

*Taylor v. Meadowbrook Meat Company, Inc.*, 2016 WL 4916955 (N.D. Cal. Sept. 15, 2016)... 10

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir.2002)................................................. passim

*Wakefield v. Wells Fargo & Co.*, No. 3:13-cv-05053 LB, 2015 WL 3430240 (N.D. Cal. May 28, 2015) ....................................................................................................................................... 18

*Wilcox v. City of Reno*, 42 F.3d 550 (9th Cir. 1994)................................................................... 17

*Willner v. Manpower Inc.*, 2015 WL 3863625 (N.D. Cal. June 22, 2015)............................ 10, 18

*Wren v. RGIS Inventory Specialists*, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011)..................... 15

-iv-

*Yeager v. Bowlin*, 2010 WL 2303273 (E.D. Cal. June 7, 2010) *aff'd*, 495F. App'x 780 (9th Cir. 2012) ..................................................................................................................... 15

*Zamora v. Lyft, Inc.*, No. 3:16-cv-02558-VC, 2018 WL 4657308 (N.D. Cal. Sept. 26, 2018) .... 14

**STATUTES**

28 U.S.C. § 1292 ....................................................................................................................... 3

29 U.S.C. § 201 et seq. ............................................................................................................. 2

29 U.S.C. § 213 ........................................................................................................................ 3

29 U.S.C. § 216 ........................................................................................................................ 5

Cal. Civ. Proc. Code § 1021.5 ................................................................................................. 5

Cal. Lab. Code § 925 ................................................................................................................ 2

Cal. Lab. Code § 1171 .............................................................................................................. 3

Cal. Lab. Code 2699 ................................................................................................................. 5

Cal. Lab. Code § 2802 .............................................................................................................. 5

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ............................................................................... 2

Fed. R. Civ. P. 23 ............................................................................................................. passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Consistent with the Court's order granting preliminary approval of the Amended Class Action Settlement in this matter (Preliminary Approval Order, July 15, 2021, ECF No. 204), Plaintiff's James Karl moves for an award of $2,066,534.99 in attorneys' fees (representing 28 percent of the $7,380,482.10 common fund), $25,645.00 in litigation expenses, and $12,500 in settlement administration costs. The requested attorney's fees will be distributed between Lohr Ripamonti & Segarich LLP, Scherer Smith & Kenny LLP, and Public Citizen Litigation Group in the following amounts:

| | |
|---|---|
| Lohr Ripamonti & Segarich LLP | $1,052,976.64 |
| Scherer Smith & Kenny LLP | $971,978.45 |
| Public Citizen Litigation Group | $41,579.90 |

As discussed herein and in the Declarations submitted herewith, this fee request is more than justified by the novel nature of the legal tests at issue in this case, the skill and creativity used in litigating the issues, the risk taken on by filing the case, and the significant monetary and non-monetary relief obtained for Settlement Class Members.

Moreover, the results in this case justify the requested modest upward departure from the "benchmark" fee of 25% of the common fund, for the following reasons. First, the settlement achieved significant relief for Sales Representatives employed by Defendants. The Settlement provides a common fund of $7,380,482.10 ($5,192,771.69 after attorney's fees, costs, and settlement administration is deducted) and all of the 251 class members in this case will share that fund proportionally. Furthermore, as part of the Settlement, Defendants will reclassify sales representatives as W2 employees in January of 2022.

Second, Class Counsel took on significant litigation risk and bore the financial burden of litigating this case on a contingency basis. Class Counsel efficiently litigated the claims filed in this case through class certification, including three petitions for appeal in the Ninth Circuit, and

-1-

a writ petition in the United States Supreme Court. Class Counsel was able to withstand these challenges and negotiate a beneficial and comprehensive settlement.

Finally, the fees requested represent a negative multiplier (about 0.71) on Class Counsel's approximate lodestar through final approval in the case. And Class Counsel's lodestar will continue to grow through final approval and the distribution of settlement awards. Accordingly, Plaintiffs respectfully request that the Court approve the requested attorneys' fees, reimbursement of actual litigation expenses, and approve the requested settlement administration costs.

## II.     OVERVIEW OF THE LITIGATION AND FACTUAL BACKGROUND

On July 12, 2018, Plaintiff James Karl ("Plaintiff" or "Mr. Karl") filed a class action complaint in the United States District Court for the Northern District of California asserting claims under the Fair Labor Standards Act ("FLSA"; 29 U.S.C. § 201 et seq.), the California Labor Code, and California's Unfair Competition Law ("UCL"; California Business and Professions Code §§ 17200, *et seq*.) arising from Defendants'[1] (Zimmer) decision to classify sales representatives as independent contractors. Lohr Fee Decl. ¶ 2. The lawsuit was originally styled as a nationwide collective action under the FLSA, and California class action under Rule 23 (ECF No. 1). On January 2, 2019, Mr. Karl filed an amended complaint adding representative claims under PAGA also based upon Defendants' employment classification decision (ECF No. 41). *Id*.

On January 2, 2019, Mr. Karl filed an amended complaint adding representative claims under PAGA also based upon Defendants' employment classification decision (ECF No. 41). Lohr Fee Decl. ¶ 3. On May 5, 2019, Mr. Karl moved to conditionally certify the FLSA collective (ECF No. 53). *Id*. The Court conditionally certified the collective and ordered notice be delivered to the collective members so they could opt into the action. ECF No. 70. *Id*. However, shortly after the notice period began, Defendants moved for summary judgment /

---

[1] Defendants Zimmer US, Inc., Biomet U.S. Reconstruction, LLC, and Biomet Biologics, LLC, shall be referred to as "Zimmer" or "Defendants" in this motion.

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS          CASE NO.: 3:18-cv-04176-WHA

summary adjudication of Mr. Karl's individual claims (ECF No. 85). *Id.* The parties briefed and argued the dispositive motion during the notice period. On October 25, 2019, the district court issued its order on the summary judgement motion. *Id.* In that order, the district court found that it need not decide the employment classification issue because even assuming that Mr. Karl was an employee, he was nevertheless subject to the outside salesperson exemption and therefore unable to recover overtime under the FLSA (ECF No. 118). *Id.* For the same reason, the district court also found that Mr. Karl was exempt from related California Labor Code provisions. *Id.* and See ECF No. 118 at 4:1–:8. On that basis, the district court granted summary adjudication against Mr. Karl on his FLSA claim for unpaid overtime, and Labor Code claims for unpaid overtime, and meal and rest period premiums but denied summary adjudication on all other claims. *Id.*; *see* ECF No. 118 at 4:1–10:9.

However, due to questions regarding the application of 29 U.S.C. § 213(a)(1) and California Labor Code § 1171 to the outside salesperson analysis, the district court certified its summary judgment order for appeal pursuant to 28 U.S.C. § 1292(b). Lohr Fee Decl. ¶ 4; ECF No. 127. Ultimately, the Ninth Circuit Court of Appeals declined to hear that appeal. *Id.*; ECF No. 131. And shortly thereafter, Plaintiff agreed to dismiss his claims under the FLSA. *Id.*; ECF No. 141.

Plaintiff then moved to certify the class under Rule 23(b)(3). Lohr Fee Decl. ¶ 5. On July 28, 2020, the district court issued an order certifying the class and directing the parties to prepare a notice to the class. *Id.*; ECF No. 169. However, shortly after the district court's decision, Zimmer requested permission to appeal the decision granting class certification pursuant to Rule 23(f). *Id.*; ECF No. 173.

During the pendency of that petition, the parties entered into a series of settlement conferences before Magistrate Judge Donna M. Ryu. Lohr Fee Decl. ¶ 6. As a result of the framework developed during the first two settlement discussions, the parties engaged in a final effort to finally resolve this litigation. *Id.* During the third settlement conference, and very shortly after the Ninth Circuit declined Zimmer's petition under Rule 23(f) (ECF No. 182), the

1    parties were ultimately able to settle this case on terms and conditions reflected in the Settlement
2    for which the parties now seek final approval. *Id.*

3           Plaintiff filed a motion for preliminary approval of the settlement on April 30, 2021. Lohr
4    Fee Decl. ¶ 7.; ECF No. 188. However shortly thereafter, the parties revised several aspects of
5    the agreement to better accommodate the transition of sales representatives to W2 status. *Id.* At
6    the same time, the parties negotiated an additional amount to be paid to class members to
7    accommodate the anticipated extension of time for approval. *Id.* Shortly thereafter, Plaintiff filed
8    an amended motion for preliminary approval on July 15, 2021. *Id.*; ECF No. 198. On July 15,
9    2021, the Court granted preliminary approval of the amended class action settlement. *Id.*; ECF
10   No. 204.

11          **A.      The Settlement**

12          The Settlement addresses all of the issues raised in Plaintiff's initiating complaint. Lohr
13   Fee Decl. ¶ 8. The Settlement provides both monetary and non-monetary relief, addressing both
14   past losses as well as ensuring future benefits for class members. First, the Settlement provides
15   for a non-reversionary $7,380,482.10 gross settlement common fund. *Id.* Because this is not a
16   claims-made settlement, and because there have been no opt-outs, all Class Members will
17   participate in the Settlement. *Id.*

18          After deducting requested attorneys' fees and costs, the amount due to the California
19   Labor Workforce Development Agency, and the amount due to the third-party administrator for
20   the cost of settlement administration, each of the 251 Settlement Class Members will be paid a
21   pro rata share of the Settlement Amount based on the number of pay periods that the Class
22   Member performed services as a direct independent contractor sales representative in California
23   during the Class Period. Lohr Fee Decl. ¶ 9. The settlement administrator estimates that the
24   highest individual total settlement payment, including the sum of the settlement payment and
25   PAGA payment, is approximately $38,194.58, while the average payment will be approximately
26   $20,688.33. *Id.*

27

28

1    In addition to the monetary component, the Settlement requires a process for the

2  reclassification of sales representatives from independent contractor to employee status. Lohr

3  Fee Decl. ¶ 10. Specifically, on or before January 1, 2022, Defendants will reclassify sales

4  representatives as W2 employees.[2] *Id.* As a result, sales representatives will be entitled to the full

5  array of protections and entitlements that are afforded to employees in California. *Id.*

6  **III.    ARGUMENT**

7      **A.    Class Counsel's Fee Request Is Fair, Reasonable, and Appropriate Given the**

8          **Excellent Settlement Relief**

9    Plaintiffs are entitled to recover their attorneys' fees and costs for prevailing on their

10  asserted claims. *See* Cal. Lab. Code §§ 2802, 2699(g)(1); Cal. Civ. Proc. Code § 1021.5; 29

11  U.S.C. § 216(b). Here, Plaintiffs are prevailing parties and entitled to recover their reasonable

12  attorneys' fees and costs because they obtained a successful settlement. *See Farrar v. Hobby*,

13  506 U.S. 103, 111 (1992); *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*,

14  624 F.3d 1083, 1089 (9th Cir. 2010) ("Litigation that results in an enforceable settlement

15  agreement can confer 'prevailing party' status on a plaintiff.").

16    Where, as here, "a settlement produces a common fund for the benefit of the entire class,

17  courts have discretion to employ either the lodestar method or the percentage-of-the-fund

18  method." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011). And

19  while a court may award fees based upon the lodestar analysis, "use of the percentage method in

20  common fund cases appears to be [the] dominant" approach. *Knight v. Red Door Salons, Inc.*,

21  2009 WL 248367, at *5 (N.D. Cal. 2009) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043,

22

23  _____

    [2] The Settlement allows an exception to reclassification for highly compensated sales representatives. In the event a
24  class member whose average annual income exceeds $300,000 (the "Highly Compensated Group") declines the
    employment offer, then Defendants reserve the right to continue to engage that person as a non-employee IRS Form
25  1099 independent contractor. There are 22 Class Members in the Highly Compensated Group who could decline the
    offer of employment and still be retained as IRS Form 1099 independent contractors. At the present time, it is
26  unknown how many of the Highly Compensated Group will accept or decline W-2 employment. Also, at the present
    time, Defendants intend to terminate their relationship with two individuals for performance before transition to
27  employee status. Finally, effective January 1, 2022, and going forward into the future all new sales representatives in
    direct territories in California will be offered employment by Defendants (except for those who would come within
28  the Highly Compensated Group).

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS        CASE NO.: 3:18-cv-04176-WHA

1047 (9th Cir.2002)); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1374–77 (N.D. Cal. 1989) (summarizing authority and describing benefits of the percentage method over the lodestar method).

In the Ninth Circuit, the benchmark award in common fund cases is 25 percent. *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). "Selection of the benchmark, however, or any other rate 'must be supported by findings that take into account all of the circumstances of the case.' . . . Circumstances include: (1) the results achieved; (2) the risks of litigation; (3) whether there are benefits to the class beyond the immediate generation of a cash fund; (4) whether the percentage rate is above or below the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; (6) a lodestar cross-check; and (7) reactions from the class." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 2178787, at \*1 (N.D. Cal. May 17, 2017) (citing *Vizcaino*, 290 F.3d at 1048). When taking all of these factors into consideration, Class Counsel's request of 28 percent of the common fund is fair, reasonable, and appropriate.

### 1.    Class Counsel Obtained Excellent Results for the Class

In light of the litigation risks and the per person allocation achieved, Class Counsel negotiated an excellent settlement, which justifies the modest upward adjustment to a fee of 28 percent of the common fund. The Settlement provides for a $7,380,482.10 common fund, which after deductions for requested attorneys' fees and costs will total $5,192,771.69. The settlement administrator reports that the average recover per class member will be $20,688.33 (and the highest individual total is $38,194.58). Moreover, since there were no opt-outs, every class member will participate in this monetary relief.

Additionally, as a further condition of the settlement, Defendants will reclassify California sales representatives as W2 employees. While the monetary benefits of reclassification are difficult to calculate with certainty, they are nevertheless substantial. Class members will be entitled to workers' compensation insurance, unemployment insurance, the benefits of the employer paying the employers' share of social security and Medicare

withholding; and in addition, the full array of benefits that are offered to Defendants' employees.
The reclassification of employees was an essential and substantive element of the settlement
negotiations, and it is important to note that Class Counsel was able to negotiate an additional
$380,482.10 in settlement benefits when the parties agreed to modify certain terms of the
settlement that would impact the timing of reclassification.

Taken together, these settlement benefits are an excellent result which is the most
important factor when justifying an increase from the 25% benchmark. This factor greatly
supports Plaintiffs' request for attorneys' fees equal to 28 percent of the maximum settlement
fund.

2.      **In Employment Class Action Cases, Courts Often Award Greater than 25 percent of the Common Fund**

In cases resulting in common fund settlements, courts have approved fees greater than the
25 percent common fund benchmark. Specifically, Courts have found that an award of fees
greater than the benchmark can be appropriate where the common fund is less than $10,000,000.
*See, e.g., Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008)
("Cases of under $10 Million will often result in fees above 25%."); *Moreno v. Cap. Bldg.
Maint. & Cleaning Servs., Inc.*, No. 4:19-cv-07087-DMR, 2021 WL 4133860, at *5 (N.D. Cal.
Sept. 10, 2021) (same; awarding one-third of the settlement common fund); *Miller v. CEVA
Logistics USA, Inc.*, No. 2:13-cv-01321-TLN-CKD, 2015 WL 4730176, at *8 (E.D. Cal. Aug.
10, 2015) ("California district courts usually award attorneys' fees in the range of 30–40% in
wage and hour class actions that result in the recovery of a common fund under $10 million";
awarding one-third of the $2.6 million settlement common fund). Therefore, a departure from the
Northern District benchmark is justified in this case.

Moreover, Courts also frequently grant fee awards greater than the 25 percent benchmark
where, as is here, the requested award is less than the total lodestar, which also supports the
reasonableness of the requested award. *Flores v. TFI Int'l, Inc.*, No. 3:12-cv-05790-JST, 2019
WL 1715180, at *10 (N.D. Cal. Apr. 17, 2019) (granting attorneys' fees totaling 61% of the total

-7-

1    amount paid by Defendants where the award was 83% of counsel's lodestar); *see also Rosado v.*

2    *Ebay Inc.*, No. 5:12-cv-04005-EJD, 2016 WL 3401987, at *8 (N.D. Cal. June 21, 2016) (a

3    negative multiplier "strongly suggests the reasonableness of the negotiated fee"). Here, an award

4    of slightly more than the Northern District guidance is justified to fully compensate Class

5    Counsel for the substantial risk and effort expended to litigate this matter.

6          **3.**      **The Litigation Was Risky Given the Rapidly Changing Legal Landscape**

7                    **Governing Worker Classification Lawsuits in California**

8          Class Counsel's willingness to take on the significant litigation risks involved in litigating

9    a complex nationwide case involving multiple legal tests (some novel in California) weighs in

10   favor of granting the fees requested. This case is not one in which a substantial settlement and a

11   recovery of a large attorney's fee was a foregone conclusion. *See Vizcaino*, 290 F.3d at 1048

12   ("Risk is a relevant circumstance."). And indeed, at numerous points in this litigation, success

13   seemed far from certain. Misclassification cases—and particularly those that involve both federal

14   and state exemptions—present significant risks of losing on the merits after extensive litigation.

15   *See Deluca v. Farmers Ins. Exch.*, No. 3:17-cv-00034-TSH, 2020 WL 5071700, at *4 (N.D. Cal.

16   Aug. 24, 2020) ("Employment class actions are, by their nature, time-consuming and expensive

17   to litigate. Wage and hour trials are complex and expensive.") Here, the law governing

18   employment classification in California is in a period of flux and reconsideration. Specifically,

19   litigating the new employee classification test (the "ABC" test) articulated in the California

20   Supreme Court's decision in *Dynamex*, is risky because few courts in California have applied

21   this new test, and it is unclear how it will be interpreted. More generally, there is an ongoing

22   debate in the California legislature regarding how employee classification should be treated in

23   California, and given that legislative action in this area continues unabated, it is likely that even

24   more changes are on the horizon. Exposure to these risks therefore justify the requested slight

25   departure from the Northern District guidance and support a finding that the requested fees are

26   fair and reasonable.

27

28

1

2

**4.** **The Settlement Provides for the Reclassification of Workers Which Will**

**Provide Substantial Benefits to the Class Throughout Their Employment**

3  The present Settlement "generated benefits beyond the cash settlement fund" in the form

4  of substantial non-monetary relief. *Vizcaino*, 290 F.3d at 1049 ("Incidental or non-monetary

5  benefits conferred by the litigation are a relevant circumstance"). Specifically, Defendants have

6  agreed to reclassify sales representatives in California as W2 employees. As discussed

7  previously, as employees, sales representatives will have many benefits. W-2 employees are

8  afforded protections under the law, such as minimum wage, overtime, and family and medical

9  leave. They're also entitled to participate in employer group benefits like health and dental

10  insurance, which are often superior to the plans available on the individual market. Here,

11  Zimmer's sales representatives will specifically receive holiday and paid time off benefits and be

12  offered health, dental, vision, and disability insurance coverage options, and 401(k) plan

13  benefits, among other benefits. Kenny Fee Decl. ¶ 2.

14

15

16

**5.** **The Percentage Rate Requested Is in Line with the Northern District**

**Benchmark if the Non-Monetary Relief Is Included in the Value of the**

**Settlement**

17  In the present case, Plaintiff seeks 28 percent of the common fund. This amount is

18  modestly above the 25 percent benchmark, or "market rate" for services in the Northern District.

19  However, in addition to the common fund, as was discussed in the previous section, Plaintiff

20  secured meaningful and valuable relief in the reclassification of California sales representatives

21  at Zimmer. And while it is not possible to assign a specific dollar value to this benefit, the "Ninth

22  Circuit precedent requires courts to award class counsel fees based on the total benefits being

23  made available to class members," including the benefits of non-monetary relief. *Brawner v.*

24  *Bank of Am. Nat'l Ass'n*, 2016 WL 161295, at *5 (N.D. Cal. Jan. 14, 2016); *Vizcaino*, 290 F.3d

25  at 1049 ("Incidental or non-monetary benefits conferred by the litigation are a relevant

26  circumstance" in assessing the results achieved by a settlement); *Taylor v. Meadowbrook Meat*

27  *Company, Inc*., 2016 WL 4916955, at *5 (N.D. Cal. Sept. 15, 2016) ("When determining the

28

-9-

value of a settlement, courts consider the monetary and non-monetary benefits that the settlement confers."); *Willner v. Manpower Inc.*, 2015 WL 3863625, at *7 (N.D. Cal. June 22, 2015) (a change in policy, even if it cannot be specifically valued, must factor into courts' analysis of the degree of success achieved by a settlement). Therefore, while Plaintiff's fee request is slightly more than the Northern District Guidance relating to cases where there is only monetary relief, it is within the Northern District Guidance when viewed in light of the significant benefits that employees will receive upon reclassification.

### 6.    Class Counsel Accepted a Substantial Financial Burden by Financing and Prosecuting this Case

The requested fee is also reasonable in light of the risks associated with litigating on a contingent basis. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008) ("The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee. … This substantial outlay, when there is a risk that none of it will be recovered, further supports the award of the requested fees." (citations omitted)).

The risk undertaken by Plaintiff's counsel in taking on this case was significant. To succeed in an employment class action, Plaintiff must prevail on numerous discreet issues during the course of the litigation including initial contract issues, class certification, a decision on the merits, and potential appeals. If plaintiff loses any of these litigation milestones, there is usually no recovery whatsoever to class members or class counsel. In this case, Plaintiff faced an evolving legal landscape relating to the tests for proper classification in California. Plaintiff also faced numerous appeals of the issues decided in the trial court. These appeals also caused significant delays in the litigation.

Class Counsel faced aggressive and robust opposition from defense counsel throughout the three-plus years of litigation.  Discovery was extensive and spanned nine thousand pages of document production.  But the process of obtaining written discovery was hard-fought and

-10-

1    required extensive informal meet-and-confer correspondence and formal letter-briefs and

2    assistance of the Court for dispute resolution.  Depositions were also extensive. Class Counsel

3    took the deposition of Defendant's corporate representative as well as the individual responsible for

4    Defendant's West-Coast sales organization. In addition, Class Counsel has interviewed

5    approximately 41 members of the class and defended the depositions of 6 class members who

6    submitted declarations in support of Plaintiff's Motion for Class Certification. *See* Lohr Decl. ¶ 20,

7    ECF No. 188-1.

8           Furthermore, Class Counsel accepted this case on a fully contingent arrangement, with no

9    payment up front, and have borne the expenses, costs, and risks associated with litigating this

10   case. Attorneys who accept cases on contingency often spend years litigating cases, and that is

11   true of this case. At the same time, Class Counsel incurred significant out-of-pocket expenses for

12   transcripts, document production, and so forth, without receiving any ongoing payment for their

13   work. Counsel dedicated sufficient attorney resources to the prosecution of this litigation, which

14   reduced Counsel's ability to work on less risky cases in which recovery of fees was more certain.

15   During the pendency of this case, Class Counsel have received no compensation or

16   reimbursement for their efforts and have advanced all expenses. Lohr Fee Decl. ¶ 17; Kenny Fee

17   Decl. ¶¶ 13–17. The significant outlay of three firms' resources in terms of both time and out of

18   pocket expenses was wholly dependent upon obtaining a substantial recovery for the Settlement

19   Class. Class Counsel bore those expenses because of the potential of recovering a fee award if

20   they succeeded. Lohr Decl. ¶¶ 27-29; Kenny Fee Decl. ¶¶ 13–17.

21          And to be clear, in contingency representation sometimes fees and expenses are

22   recovered; and other times nothing is recovered. *See Bellinghausen v. Tractor Supply Co.*, 306

23   F.R.D. 245, 261 (N.D. Cal. 2015) (noting that "when counsel takes cases on a contingency fee

24   basis, and litigation is protracted, the risk of non-payment after years of litigation justifies a

25   significant fee award"); *see also In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *2 (N.D.

26   Cal. July 6, 2011) ("It is an established practice to reward attorneys who assume representation

27   on a contingent basis with an enhanced fee to compensate them for the risk that they might be

28

-11-

paid nothing at all"). This is not a hypothetical risk; counsel in this case have litigated class

action cases in which there was no recovery. Lohr Fee Decl. ¶ 19

Contingency representation provides critical access to the courts for people who

otherwise would be unable to find competent counsel to represent them. That access is

particularly important for the effective enforcement of public protection statutes, such as the

wage laws at issue here. This factor, therefore, greatly supports Plaintiff's request.

### 7. A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees

The lodestar cross-check in this case supports Plaintiff's requested fees. As set forth

further below, the lodestar cross-check in this case shows that the lodestar for the three firms that

performed work on this case is approximately $2,890,438.70. And while courts routinely

approve settlements with significant multipliers, here, the multiplier would effectively be

negative (a multiplier of approximately .71). Therefore, the lodestar cross-check strongly

supports the reasonableness of the requested fees.

### B. Class Counsel's Rates Are Reasonable

Class Counsel are entitled to the hourly rates charged by attorneys of comparable

experience, reputation, and ability for similarly complex federal litigation. *Camacho v.*

*Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, Class Counsel's hourly rates are

reasonable in light of their significant experience, expertise, and skill in litigating complex class

and collective actions involving California and federal wage and hour laws and the jurisdictions

in which they are located. Lohr Fees Decl. ¶¶ 23-25; Kenny Fee Decl. ¶¶ 3–9, 15. The

background and experience of the primary attorneys who worked on this matter are set forth in

the supporting declarations of Class Counsel. Lohr Fees Decl. ¶ 11-17; Kenny Fee Decl. ¶¶ 3–9;

Zieve Decl. ¶¶ 8-10. Their rates are summarized in the table below:

**Lohr Ripamonti & Segarich LLP**

| Professional | Law School Graduation Year | 2021 Rate |
|---|---|---|
| Jason Lohr | 2008 | $700 |

-12-

| | | |
|---|---|---|
| Alec Segarich | 2008 | $625 |
| Roberto Ripamonti | 2008 | $625 |
| | | |
| **Scherer Smith & Kenny LLP** | | |
| Denis Kenny | 1995 | $750 |
| John Lough | 2004 | $550 |
| Ryan Stahl | 2009 | $550 |
| Staff | | $180 |
| | | |
| **Public Citizen Litigation Group** | | |
| Allison Zieve | 1989 | $899 |
| Scott Nelson | 1984 | $899 |
| Rylee Summers-Flanagan | 2016 | $458 |

The hourly rates requested in this application are comparable to, or lower than, rates charged by other law firms in California employment class actions. For example, in *Nitsch v. DreamWorks Animation SKG Inc*., 2017 WL 2423161, at \*9 (N.D. Cal. June 5, 2017) (Koh, J.), the court found that hourly rates of up to $1,200 per hour—far above Plaintiff's counsel's requested hourly rates here—for plaintiffs' class action lawyers based in California were "fair, reasonable, and market-based, particularly for the 'relevant community' in which counsel work." Similarly, in *Koz v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 129205 (C.D. Cal. Sept. 10, 2013) (Gonzalez, J.), the court approved attorney hourly rates of up to $950. *See id.* at \*23-24. Similarly in *del Toro Lopez v. Uber Techs., Inc.*, No. 4:17-cv-06255-YGR, 2018 WL 5982506, at \*4 (N.D. Cal. Nov. 14, 2018), an independent contractor case litigated in San Francisco, the court found that hourly rates ranging from $250 to $850 for attorneys, are reasonable in light of the market for similar legal services. *See also Zamora v. Lyft, Inc.*, No. 3:16-cv-02558-VC, 2018 WL 4657308, at \*3 (N.D. Cal. Sept. 26, 2018) (hourly rates, ranging from $240 to $260 for staff

-13-

and $280 to $850 for attorneys are reasonable). Therefore, the rates requested here fall well within the norm in the San Francisco market.

### C.      The Number of Hours Spent Litigating this Case Is Reasonable

The firms Lohr Ripamonti & Segarich LLP (LRS) and Scherer Smith & Kenny LLP (SRK) performed the substantive work in this case, with the Public Citizen Litigation Group (PCLG) assisting with the writ petition in the U.S. Supreme Court. Lohr Fee Decl. ¶ 9. LRS and SSK performed extensive investigation, research, and analysis of the Class's claims. *Id*. Class Counsel propounded multiple requests for production of documents and interrogatories, participated in many intensive meet and confers with opposing counsel, and litigated significant discovery motion practice in this Court. *Id*.

Defendants produced over nine thousand pages of fact-related material for review. Lohr Fee Decl. ¶ 10. Class Counsel has taken the deposition of Defendant's corporate representative as well as the individual responsible for Defendant's west-coast sales organization. *Id*. In addition, Class Counsel has interviewed approximately 41 members of the class and defended the depositions of six class members who submitted declarations in support of Plaintiff's Motion for Class Certification. Further, Defendants produced substantial employment and pay data in advance of the Parties' Mandatory Settlement Conference. *Id*. In sum, this discovery allowed Plaintiff to adequately evaluate the merits and value of the class claims. *Id*.

Moreover, the Settlement in this case occurred after numerous substantive litigation milestones with little discovery remaining prior to trial. Lohr Fee Decl. ¶ 11. At the outset of this litigation, the Parties litigated threshold issues of jurisdiction and forum, successfully opposing Defendants' attempt to remove the case to Indiana. *Id*. Plaintiff conditionally certified a nationwide FLSA collective, as well as a California class under Rule 23. *Id*. And the Parties fully briefed and litigate to conclusion Defendants' Motion for Summary Judgment that challenged all claims in this case with the exception of Plaintiff's claims under the Private Attorneys General Act. *Id*. Moreover, this case has included three separate attempts to appeal the District Court's rulings in the Ninth Circuit, and a petition for review in the United States Supreme Court. *Id*. As

-14-

a practical matter, the Parties have achieved all of the litigation milestones short of trying the case.

Together, the three firms spent 4,348.5 hours litigating this case. Lohr Fee Decl. ¶ 12. Each of the three firms in this case have maintained detailed time records in this case billed at 1/10 of an hour increment.[3] *Id.* Counsel's time spent on this case can be divided into eight categories of activity, all of which is recoverable under well-established case law.[4] *Id.* Class Counsel has reviewed its billing in this case and provides the following summary of time devoted to these specific tasks:

| Task | LRS | SSK | PCLG |
|------|-----|-----|------|
|      | Hours | Hours | Hours |
| **Prefiling Investigation:** and preparation of initial Complaint | 75 | 38.8 | 0.0 |
| **Written Discovery:** Preparing discovery, analyzing responses and documents, responding to discovery, and fact investigation relating to responding or propounding discovery. | 218 | 409.8 | 0.0 |

---

[3] Counsel at all three firms are prepared to produce detailed time records for their work should the Court require.

[4] **Pre-litigation investigation**: *see, e.g., Sierra Club v. U.S. E.P.A.*, 625 F. Supp. 2d 863, 870 (N.D. Cal. 2007); *see also Lema v. Comfort Inn Merced*, 2014 WL 1577042 (E.D. Cal. Apr. 17, 2014) (approving of pre-litigation work "reasonably necessary to secure information, evaluate Plaintiff's case, and prepare the complaint for filing"); **Legal research and drafting**: *see Santiago v. Equable Ascent Fin.*, 2013 WL 3498079, at *6 (N.D. Cal. July 12, 2013); **Propounding and responding to discovery**: *see, e.g., Yeager v. Bowlin*, 2010 WL 2303273, at *7 (E.D. Cal. June 7, 2010) *aff'd*, 495F. App'x 780 (9th Cir. 2012) (drafting discovery); *Gauchat-Hargis v. Forest River, Inc.*, 2013 WL 4828594, at *4 (E.D. Cal. Sept. 9, 2013) (responding to discovery); **Depositions**: *see, e.g., Garcia v. Resurgent Capital Services, L.P.*, 2012 WL 3778852, at *6 (N.D. Cal. 2012); **Communication between co-counsel**: *see, e.g., Defenbaugh v. JBC & Associates, Inc.*, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004); **Communication with opposing counsel**: *see e.g., Hernandez v. Erin Capital Mgmt., LLC*, 2011 WL 4595802, at *3 (C.D. Cal. Oct. 3, 2011); **Settlement conferences**: *see, e.g., Lota by Lota v. Home Depot U.S.A., Inc.*, 2013 WL 6870006, at *10 (N.D. Cal. Dec. 31, 2013); **Court appearances**: *see, e.g., Alvarado v. FedEx Corp.*, 2011 WL 4708133, at *28 (N.D. Cal. 2011); **Settlement administration**: *see, e.g., Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *30 (N.D. Cal. Apr. 1, 2011).

| Task | LRS | SSK | PCLG |
|---|---|---|---|
| **Discovery Disputes:** Meeting and conferring regarding deficiencies, preparing letter briefs/motions to compel, and arguments related to letter briefs | 121.7 | 222.2 | 0.0 |
| **Depositions:** Preparing for deposition of defendants' witnesses, preparing plaintiff and witnesses for deposition, and meeting and conferring regarding disputes concerning depositions. | 189 | 271.4 | 0.0 |
| **Fact Investigation:** meetings and interviews to investigate facts including interviewing putative class members for possible declarations in support of motion for class certification. | 35.2 | 162.5 | 0.0 |
| **Legal Research, Drafting, Case Management:** including legal research; drafting/revising and conferring with co-counsel and client regarding extensive motion practice including opposition to dismiss, Ninth Circuit and US Supreme Court briefing, first amended complaint, motions to compel, motion for conditional certification, opposition to motion for summary judgment, class certification, motion for preliminary approval, motion for final approval, and regarding court orders. | 1433.4 | 885.3 | 0.0 |
| **ADR, Settlement Agreement, and Settlement Administration**: including drafting settlement statement, analyzing class data, preparing for MSC, preparing memorandum of understanding, and preparing settlement agreement, benefit form, and class notice. | 118.8 | 113.4 | 54.1 |
| **Total (Hours)** | **2,191.1** | **2,103.4** | **54.1** |

-16-

| Task | LRS | SSK | PCLG |
|---|---|---|---|
| Total Lodestar | $1,483,160 | $1,365,698.80 | $41,579.90. |

The hours spent litigating this case were necessary and reasonable given the extensive litigation that occurred in this case. And while having multiple firms involved in the litigation necessitated communication between the firms to coordinate work and share information, time spent collaborating and coordinating is not the same as impermissible double billing. *Sierra Club*, 625 F. Supp. 2d at 868. "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014), *cert. denied sub nom. City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014). And where, as here, the length of the litigation and the work performed justify the hours, the Court should not be concerned with the staffing decisions between firms relating to those hours. *Moralez v. Whole Foods Mkt., Inc.*, 2013 WL 3967639, *4 (N.D. Cal. July 31, 2013) ("The Court is reluctant to second-guess the staffing decisions of Plaintiff's counsel").

But most importantly, this Court has supervised this litigation and is in the best position to understand the amount and quality of work that has been put into this case by Plaintiff's counsel. *See Wilcox v. City of Reno*, 42 F.3d 550, 555 (9th Cir. 1994) ("The district court is in the best position to ascribe a reasonable value to the lawyering it has witnessed and the results that lawyering has achieved"); *Brinskele v. United States*, 2014 WL 4832263, *2 (N.D. Cal. May 22, 2014) ("Based upon the court's familiarity with this litigation and counsel's work, the court is able to assess the reasonableness of the hours claimed by counsel without the need to inspect contemporaneous time records."). The present case has been thoroughly litigated, including certification, and then decertification of a nationwide FLSA class, a motion to dismiss, a motion for summary judgment, certification of a Rule 23 class, three writ petitions to the Ninth Circuit, a writ petition to the United States Supreme Court, and months of settlement negotiations

-17-

supervised by Judge Ryu culminating in an excellent settlement for the class. Plaintiff maintains that the record in this case clearly supports the hours submitted in support of this motion.

### D.    The Reaction of the Class Supports a Finding that the Requested Fee Award Is Reasonable

The reaction of the class greatly favors the award of requested fees. Notice in this case was successfully distributed to 98 percent of Settlement Class Members, and there have been no requests for exclusion, no opt-outs, nor any disagreements with the data that will be used to calculate settlement distributions. Class Counsel has spoken with at least 19 class members during the notice period and these class members have uniformly supported the settlement. And most importantly, no class member has objected to the fees requested by Settlement Class. The uniform support for the settlement by class members greatly supports the requested fee award.

### E.    Class Counsel's Expenses Are Reasonable and Appropriate

"Class counsel are entitled to reimbursement of reasonable out-of-pocket expenses." *Wakefield v. Wells Fargo & Co.*, No. 3:13-cv-05053 LB, 2015 WL 3430240, at *6 (N.D. Cal. May 28, 2015); *see also Staton*, 327 F.3d at 974; Fed. R. Civ. P. 23(h). Expenses that are reasonable, necessary, directly related to the litigation, and normally charged to a fee-paying client are recoverable. *See, e.g., Willner*, No. 11-cv-02846-JST, 2015 WL 3863625, at *7; *Buccellato v. AT&T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011).

Class Counsel collectively incurred $25,645.00 in out-of-pocket litigation costs and expenses litigating this case. Lohr Fees Decl. ¶ 26; Kenny Fees Decl. ¶ 17. Based upon the declarations of Class Counsel and exhibits thereto, the costs for which reimbursement is requested have been documented and were incurred for the benefit of the Class. All costs incurred here were necessary to the prosecution of this litigation and would otherwise have been billed to a client paying for counsel's services on a non-contingency basis. Lohr Decl. 26. Accordingly, the Court should award Class Counsel the reimbursement of actual litigation expenses.

-18-

IV.    **CONCLUSION**

Plaintiff respectfully requests that the Court enter an order granting Plaintiff's Motion for Attorney's Fees and Costs.


Respectfully submitted,

Dated: December 9, 2021          LOHR RIPAMONTI & SEGARICH LLP
                                 /s/ Jason Lohr_____
                                 Jason Lohr

Dated: December 9, 2021          SCHERER SMITH & KENNY LLP
                                 /s/ Denis Kenny_____
                                 Denis Kenny
                                 *Attorneys for Plaintiff JAMES KARL and the Class*